EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Doral Financial Corporation, Doral Bank, Doral Mortgage LLC,Doral Insurance Agency, Inc., Doral Properties, Inc.<br><br>        Peticionarios<br><br>           v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>        Recurridos | <br><br><br><br><br>2014 TSPR 77<br><br>191 DPR ____ |

Número del Caso: CT-2014-6

Fecha: 20 de junio de 2014

Abogados del Peticionario:

        Lcdo. Carlos Rivera Vicente
        Lcdo. Rafael Nadal Arcelay
        Lcdo. Anthony Murray
        Lcdo. Ramón L. Rosario Cortés

Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

Materia: Resolución con Votos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Doral Financial Corporation, Doral Bank, Doral Mortgage LLC,Doral Insurance Agency, Inc., Doral Properties, Inc.<br><br>    Peticionarios<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>    Recurridos | CT-2014-0006 | Certificación |

RESOLUCIÓN

San Juan, Puerto Rico, a 20 de junio de 2014.

Examinado el *Recurso de Certificación Intrajurisdiccional* y la *Moción en Auxilio de Jurisdicción*, en esta etapa de los procedimientos, no ha lugar a ambas.

Sin embargo, debido a los intereses apremiantes de todas las partes instamos al Tribunal de Apelaciones a disponer del recurso ante su consideración en o antes del 26 de junio de 2014. No debe existir controversia que en el caso de autos, el foro apelativo intermedio tiene jurisdicción para atender el recurso de apelación presentado por Doral Financial Corporation. Nótese que la solicitud de reconsideración ante el Tribunal de Primera Instancia fue presentada posterior a que Doral Financial Corporation presentara su recurso de apelación ante el Tribunal de Apelaciones. La moción de reconsideración fue presentada el 18 de junio de 2014 a las 3:27 de la tarde mientras que la apelación fue presentada ese mismo día a las 8:55 de la mañana. La Regla 18 del Reglamento del Tribunal de Apelaciones claramente dispone que "una vez presentado el escrito de apelación, **se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de la misma…**" 4 LPRA Ap. XXII-B R. 18. Véase, además, Regla 52.3 de las de Procedimiento Civil, 32 LPRA Ap. V., R. 52.3; <u>Lagares v. E.L.A.</u>, 144 DPR 601 (1997).

Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta proveería no ha lugar. La Jueza Asociada señora Rodríguez Rodríguez emitió un Voto Particular Disidente. El Juez Asociado señor Martínez Torres emitió un Voto Particular Disidente. El Juez Asociado señor Feliberti Cintrón está inhibido.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Doral Financial Corporation, Doral Insurance Agency, Inc., Doral Properties, Inc.<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, Departamento de Hacienda y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>Recurridos | CT-2014-6 | Certificación Intrajurisdiccional |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 20 de junio de 2014

Me veo forzada a disentir nuevamente en este caso porque no logro comprender a qué obedece la prisa injustificada de este Tribunal. Nuevamente nos involucramos en el manejo del caso por un foro inferior, pautándole el término que tiene para resolver una controversia que todas las partes aceptan es compleja. Esta tendencia hacia la micro gerencia **de este pleito** no es saludable y arroja sombras sobre el litigio y, más pernicioso aún, contribuye a conculcar los derechos de las partes a un proceso justo e imparcial.

En esta ocasión le ordenamos al foro apelativo intermedio que, en el plazo de menos de una semana,

resuelva la apelación presentada ante su consideración. Ello, a pesar de que ese foro no tiene jurisdicción para revisar el dictamen de instancia hasta tanto el foro primario atienda y resuelva una moción de reconsideración que le fue presentada por el Estado. Así lo dispone expresamente la Regla 47 de las Reglas de Procedimiento Civil y así lo hemos resuelto en innumerables ocasiones. 32 L.P.R.A. Ap. V, R. 47. *Véanse Morales Hernández v, Sheraton Corp.*, 2014 T.S.P.R. 70, 191 D.P.R. ___ (2014); *Plan Salud Unión v. Seaboard Sur. Co.*, 182 D.P.R. 714 (2011); *Insular Highway v. A.I.I. Co.*, 174 D.P.R. 793 (2008). Desconozco a base de qué artilugio judicial este foro puede investir con jurisdicción al foro apelativo intermedio cuando la Asamblea Legislativa ha dispuesto todo lo contrario, como también desconozco si la normativa antes mencionada ha sido revocada hoy.

El hecho de que el recurso que se presentó ante nosotros sea una certificación no varía el resultado. Esto, porque el recurso que pende ante el foro de apelaciones (y que ordenamos que se atienda en o antes del 26 de junio) es una apelación. Como vimos, el foro apelativo no tiene jurisdicción para atender la apelación habida cuenta que hay pendiente una moción de reconsideración ante el Tribunal de Primera Instancia. Además, considerando que este Tribunal no ha expedido la solicitud de certificación, quedo en un estado de

perplejidad, incertidumbre y duda con respecto a qué es lo que el foro apelativo intermedio tiene que considerar. ¿Es que estamos, sin decirlo, expidiendo la certificación y delegando nuestra jurisdicción al foro intermedio apelativo para que resuelva la certificación? Confieso mi confusión ante la anomalía procesal creada en este caso.

Por su parte, no hay duda que la Secretaria de Hacienda está facultada en ley para cerciorarse que los acuerdos suscritos en su agencia cumplen, como mínimo, con las normas de la agencia. Suscribir un acuerdo o dejar sin efecto un acuerdo es de la esencia de la gestión administrativa de un jefe de agencia. La controversia en este caso se centra sobre la validez de las representaciones que Doral Financial Corporation realizó al Departamento de Hacienda sobre, alegados pagos de contribuciones en exceso que le hacen acreedora a un crédito de sobre $200 millones. Se alega que fue precisamente en virtud de esas representaciones que el Departamento de Hacienda suscribió el acuerdo contributivo con Doral.

Al evaluar la validez del acuerdo a la luz de esas representaciones, el Departamento entendió que los pagos de contribuciones en exceso a los cuales se refirió Doral Financial Corporation no son de Doral Financial Corporation sino de otra entidad distinta, por lo que ésta no podía atribuirse tal pago. Ello llevó al

Departamento de Hacienda a concluir **preliminarmente** que el acuerdo suscrito era nulo habida cuenta de que Doral Financial Corporation no le demostró el pago en exceso de contribución que alega que ocurrió.

Así las cosas, el Departamento de Hacienda le notificó a Doral Financial Corporation que su determinación sobre nulidad del acuerdo "advendrá final" en un término de 30 días, pero si dentro de ese término el contribuyente "objet[a] o protest[a]" ante la Secretaría Auxiliar de Procedimiento Adjudicativo, se procederá a "designar un examinador para el trámite de la vista administrativa correspondiente", cuya determinación podrá ser apelada por el contribuyente.

Estamos ante un proceso administrativo de una agencia de gobierno, por lo que la determinación del Departamento de Hacienda no es final hasta tanto concluya el trámite administrativo. Por ser una determinación no final de una agencia administrativa, no procede acudir al tribunal pues éste no tiene jurisdicción. Véase *Colón Ventura v. Méndez*, 130 D.P.R. 433 (1992); *Mercado Vega v. Universidad de Puerto Rico*, 128 D.P.R. 273 (1991); *Rivera v. E.L.A.*, 121 D.P.R. 582 (1988). Doral Financial Corporation, como cualquier contribuyente, tiene la obligación de agotar los remedios administrativos de la agencia antes de acudir al Tribunal. En vez, Doral Financial Corporation corrió al Tribunal de Primera Instancia en una sentencia

declaratoria e igualmente corrió ante este Tribunal con una solicitud de certificación. Ni la sentencia declaratoria ni una petición de certificación pueden utilizarse como subterfugio para soslayar principios arraigados de agotamiento de remedios administrativos.

Aquí lo que procede es precisamente lo que determinó el foro primario. El Departamento de Hacienda debe, a la brevedad posible, designar un examinador independiente para que evalúe los reclamos de Doral Financial Corporation y la posición del Departamento de Hacienda. Estamos ante una controversia contributiva compleja que requiere de un *expertise* particular lo que aconseja que sea el foro administrativo quien dilucide, en primera instancia, los reclamos de las partes.

Por estas razones, no tengo otra alternativa que disentir de la decisión que hoy se anuncia. En su lugar proveería un no ha lugar, sin más a la petición de certificación.


Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Doral Financial Corporation, Doral Bank, Doral Mortgage LLC, Doral Insurance Agency, Inc., Doral Properties, Inc.
          Peticionarios

          v.                    CT-2014-6

Estado Libre Asociado De Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda
          Recurridos

Voto disidente emitido por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 20 de junio de 2014.

Disiento respetuosamente del curso seguido en la Resolución del Tribunal que precede. La sentencia parcial del Tribunal de Primera Instancia es contradictoria en varios extremos y debemos revocarla. La desestimación incorrecta que decretó el foro primario, sin celebrar una vista evidenciaria como se esperaba, y la patente alegación de daño irreparable que hace Doral Financial, configuran los elementos necesarios para expedir el auto de certificación y preterir el trámite ante el foro apelativo intermedio. AMPR et als. v. Sist. Retiro Maestros IV, Op. de 11 de abril

de 2014, 2014 TSPR 58, 2014 JTS 67, 189 DPR __ (2014);Alvarado Pacheco y otros v. E.L.A., 188 DPR 594 (2013); Mundo Ríos v. CEE, 187 DPR 200, 206 (2012). La posibilidad de perder $239,000,000 de activos es indicio de un daño irreparable de patente intensidad.

La sentencia del foro primario, Apéndice, pág. 47, indica que no tiene jurisdicción para atender la reclamación de este caso porque el vehículo de la sentencia declaratoria no permite ventilar controversias de hechos. Esa conclusión es incorrecta.

La sentencia declaratoria es un remedio que se dicta cuanto existe una controversia sustancial entre partes con intereses legales adversos, con el propósito de disipar la incertidumbre jurídica. R. Hernández Colon, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta Ed., San Juan, Lexis Nexis, 2010, Sec. 6001, pág. 560. La Regla 59.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, establece que el remedio de la sentencia declaratoria permite declarar derechos, estados y otras relaciones jurídicas, aunque existan otros remedios disponibles y que tiene como efecto una decisión judicial sobre cualquier divergencia en la interpretación de la ley.

La Regla 59.2 de Procedimiento Civil, 32 L.P.R.A. Ap. V, establece que toda "persona interesada en una escritura, testamento, contrato escrito, u otros documentos constitutivos de contrato, o cuyos derechos,

estado u otras relaciones jurídicas fuesen afectados por un estatuto, ordenanza municipal, contrato o franquicia, podrá solicitar una decisión sobre cualquier divergencia en la interpretación o validez de dichos estatutos, ordenanzas, contrato o franquicia, y además que se dicte una declaración de los derechos, estados u otras relaciones jurídicas que de aquéllos se deriven. <u>Un contrato podrá ser interpretado antes o después de haber sido infringido</u>". (Énfasis suplido.)

La Resolución que este Tribunal emitió el 6 de junio de 2014, fue diáfana en establecer que era conveniente y necesario que el Tribunal de Primera Instancia celebrara <u>una vista evidenciaria</u> en o antes del 12 de junio de 2014. Ni las Reglas de Procedimiento Civil ni nuestra jurisprudencia en esa área prohíben que en una acción de sentencia declaratoria se adjudiquen hechos. Por ejemplo, en <u>Delgado Rodríguez v. Rivera Siverio</u>, 173 DPR 150 (2008), este Tribunal revisó la corrección de una sentencia declaratoria que atendía una controversia contractual, como en este caso. Una lectura detenida de esa Opinión revela que el foro primario dirimió controversias de hechos. <u>Íd</u>. Véase, además, J. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, 2da Ed., San Juan, Publicaciones JTS, 2011, Tomo V, pág. 1789.

En este caso no había ninguna razón válida para que el Tribunal de Primera Instancia se negara a recibir prueba. Por el contrario, nuestra Resolución señaló la

necesidad de celebrar una vista evidenciaria. Tal parece que al foro primario le incomodó el calendario que este Foro sugirió. Véase Sentencia Parcial, Apéndice, pág. 34.

Por otra parte, la Sentencia del Tribunal de Primera Instancia, Apéndice, pág. 46, expresa que "no existe jurisprudencia federal o local que interprete la jurisdicción del Tribunal para decretar la validez del acuerdo contributivo". Al parecer, el foro primario olvidó que es un tribunal de jurisdicción general y podía entender en cualquier acción que presentare una controversia legítima. Clases A, B y C v. PRTC, 183 DPR 666, 686 (2011); Mun. Arecibo v. Mun. Quebradillas, 161 DPR 109, 114 (2004); Junta Dir. Cond. Montebello v. Fernández, 136 DPR 223, 230 (1994).

En este caso no se interesa revisar una determinación administrativa del Departamento de Hacienda. Este caso trata de determinar la invalidez de un contrato suscrito por las partes. Contrario a lo que expresa el foro primario, aquí no hay que dilucidar de novo la cantidad de un sobrepago o el examen de libros de Doral Financial. La Sec. 6051.07 del Código de Rentas Internas, 13 LPRA sec. 33207, limita las circunstancias en las que se puede reabrir un acuerdo final, a saber, que se demuestre fraude, engaño o falseamiento de un hecho pertinente.

Obra en autos un Acuerdo Final entre el Departamento de Hacienda y Doral Financial que goza de una presunción

de finalidad conforme la Sec. 6051.07, íd., que establece:

(a) Facultad.- El Secretario o su representante autorizado queda facultado para formalizar un acuerdo por escrito con cualquier persona relacionado a la responsabilidad de dicha persona, o de la persona o sucesión a nombre de quien actúe, con respecto a cualquier contribución impuesta por este Código para cualquier período contributivo.

(b) Finalidad.- Dicho acuerdo, una vez formalizado, será final y concluyente y, excepto cuando se demostrare fraude o engaño, o falseamiento de un hecho pertinente:

(1) El caso no será reabierto en cuanto a las materias acordadas ni el acuerdo modificado por funcionario, empleado o agente alguno del Gobierno de Puerto Rico, y

(2) dicho acuerdo, o cualquier determinación, tasación, cobro, pago, reducción, reintegro o crédito hecho de conformidad con el mismo, no serán anulados, modificados, dejados sin efecto o ignorados en litigio, acción o procedimiento alguno.

(c) Penalidades.- Las penalidades por violaciones con respecto a acuerdos finales están contenidas en la Sección 6030 de este título.

Como dice la Sec. 6051.07, íd., ningún funcionario puede anular, reabrir ni modificar el acuerdo unilateralmente. Para ello primero tiene que demostrar que hubo fraude, engaño o falseamiento de un hecho pertinente. Por ende, es el Departamento de Hacienda quien tiene que probarlo. Eso solo puede demostrarse en un tribunal. No hay un procedimiento administrativo estatuido para eso que haya que agotar. Es un contrasentido remitir el caso al Departamento de

Hacienda, que es una de las partes contratantes, para que determine si el contrato es válido. Eso es contrario al Art. 1208 del Cód. Civil, 31 LPRA sec. 3373, que establece que la "validez y el cumplimiento de los contratos no pueden dejarse al arbitrio de uno de los contratantes". Le corresponde al Poder Judicial resolver la controversia contractual que presenta este caso. Adorno Quiles v. Hernández, 126 DPR 191 (1990).

En fin, en contra de nuestra insistencia al denegar la primera solicitud de certificación presentada, el Tribunal de Primera Instancia todavía no ha comenzado a recibir prueba para atender los méritos del caso. Aun así, en lugar de insistir en que el sistema de justicia funcione de manera rápida, justa y eficiente, hacemos caso omiso de nuestro pronunciamiento anterior y dejamos que el caso continúe por la vía larga mientras el daño posible se hace cada día más irreparable y la insolvencia de una institución financiera se hace cada día más inminente.

En esta etapa desconozco quién tiene razón en los méritos. Tampoco sé si el daño alegado es producto de las decisiones del Gobierno o de los actos de Doral Financial Corporation. De lo que sí estoy seguro es de que las razones que nos llevaron a expresar que el Tribunal de Primera Instancia debía dilucidar los méritos del caso cuanto antes hoy son más apremiantes que ayer, ante el tiempo perdido para que el Tribunal de Primera Instancia

emitiera una sentencia que no puede prevalecer. Mientras la prueba en el caso no ha comenzado a verse, en contra de lo que este Tribunal expresó, hoy este Foro concede más tiempo. El plazo que se tome el Tribunal de Apelaciones en decidir, por más corto que sea, es más tiempo que transcurre sin que se presente prueba.

A base de lo anterior, emitiría el auto de certificación, revocaría la sentencia del Tribunal de Primera Instancia y devolvería el caso a ese foro para que se reasigne a otro Juez o Jueza Superior que lo atienda en sus méritos en un plazo breve.


                            RAFAEL L. MARTÍNEZ TORRES
                               Juez Asociado