EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Doral Financial Corporation, Doral Bank, Doral Mortgage LLC, Doral Insurance Agency Inc., Doral Properties, Inc.<br><br>        Peticionarios<br><br>                v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>        Recurridos | Certiorari<br><br>2014 TSPR 109<br><br>191 DPR ____ |

Número del Caso: CC-2014-766


Fecha: 16 de septiembre de 2014


Tribunal de Apelaciones:


Región Judicial de San Juan, Panel III


Abogados de la Parte Peticionaria:

        Lcdo. Carlos Rivera Vicente
        Lcdo. Anthony Murray-Steffens
        Lcdo. Ramón L. Rosario Cortés


Oficina de la Procuradora General:

        Lcda.  Margarita Mercado Echegaray
        Procuradora General

        Lcdo. Zarel Soto Acabá
        Procurador General Auxiliar



Materia:  Resolución con Voto Particular de Conformidad


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Doral Financial Corporation, Doral Bank, Doral Mortgage LLC, Doral Insurance Agency, Inc., Doral Properties, Inc.<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>Recurridos | CC-2014-766 | Certiorari |

RESOLUCIÓN

San Juan, Puerto Rico, a 16 de septiembre de 2014.

A la petición de *certiorari* y a la *Moción Urgente en Auxilio de Jurisdicción*, presentadas por la parte peticionaria, no ha lugar a ambas.

Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Asociado señor Estrella Martínez emitió un Voto particular de conformidad al cual se unen la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García. El Juez Asociado señor Martínez Torres emitió un Voto Disidente. El Juez Asociado señor Kolthoff Caraballo se une en parte al Voto Disidente emitido por el Juez Asociado señor Martínez Torres, en lo relacionado a las razones que éste esboza para paralizar los procedimientos del caso de epígrafe. El Juez Asociado señor Feliberti Cintrón está inhibido.

Camelia Montilla Alvarado
Secretaria del Tribunal Supremo, Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Doral Financial Corporation, Doral Bank, Doral Mortgage LLC, Doral Insurance Agency, Inc., Doral Properties, Inc.<br><br>    Peticionarios<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>    Recurridos | CC-2014-766 | Certiorari |

Voto particular de conformidad emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se unen la Jueza Asociada SEÑORA PABÓN CHARNECO y el Juez Asociado SEÑOR RIVERA GARCÍA.

San Juan, Puerto Rico, a 16 de septiembre de 2014.

Por considerar que las normas reglamentarias de este Tribunal proveen los mecanismos necesarios para evitar que una minoría de 2 jueces, sea cual sea su composición, pueda paralizar procedimientos cuando una vasta mayoría de jueces y juezas opinamos lo contrario, estoy conforme con la determinación adoptada en el día de hoy.

Nunca promoveré que una Sala de Verano tenga el poder de veto para paralizar procedimientos, si media un criterio mayoritario del Pleno del Tribunal. Eso

precisamente fue lo que ocurrió. Nuestro Reglamento provee herramientas para evitarlo y esos mecanismos fueron utilizados para que todas y todos los miembros de este Tribunal ejercieran responsablemente su derecho al voto en este asunto.

Finalmente, paralizar los procedimientos ante el Tribunal de Primera Instancia sería contraproducente e inconsistente con los pronunciamientos de esta Curia, dirigidos a promover una rápida resolución de esta controversia de alto interés público.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Doral Financial Corporation, Doral Bank, Doral Mortgage LLC, Doral Insurance Agency, Inc., Doral Properties, Inc.
     Peticionarios

     v.

Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda
     Recurridos

CC-2014-0766

Voto Disidente emitido por el Juez Asociado señor Martínez Torres

En San Juan, Puerto Rico, a 16 de septiembre de 2014.

En el día de hoy este Tribunal se niega a dar curso a un acuerdo de la sala de verano para emitir una orden de paralización en auxilio de jurisdicción. La Regla 6(b) de nuestro Reglamento, 4 LPRA Ap. XXI-B, no faculta a ningún juez a votar en un asunto que está referido a una sala de verano si el juez no está asignado a ella. Meramente permite que una mayoría de jueces o la Jueza Presidenta convoque al Tribunal en pleno a una reunión extraordinaria en la que se consideraría si el pleno interviene o no en el caso en agenda. Sin embargo, en violación del

Reglamento todos los integrantes del Tribunal votaron en un asunto luego de que el Juez Asociado señor Estrella Martínez no estuvo conforme con el resultado de la votación en su sala. Ese precedente es nefasto y si ese va a ser el curso a seguir me pregunto para qué nos dividimos en salas.

Además, al pasarle por encima a la sala sin que ninguna de las partes lo haya solicitado dejamos la duda en la percepción pública de porqué en este caso no se siguió el proceso ordinario. En verano el pleno del Tribunal está en receso. ¿Por qué levantar el receso solamente para atender este caso? ¿Será convincente la explicación?

La sala acordó paralizar. Como dispone el Reglamento, al Tribunal en pleno le tocaría decidir al comienzo de la sesión regular si expide o no. Mientras tanto, lo que procedía es emitir una Resolución que recogiera el acuerdo de la sala de verano. Eso no es un reclamo de poder de veto. El Tribunal en pleno siempre tendrá que pasar juicio sobre lo que la sala acordó, en el momento que el Reglamento dispone para ello. Lo que objeto es que se releve a una sala en un caso particular, sin reunir al Tribunal, por una discrepancia con lo que esa sala acordó. Así pues, mi reclamo no es al automatismo; es a que no cambiemos las reglas del juego para forzar un resultado.

La mayoría convocada de forma *ultra vires* podrá emitir una Resolución pero eso no la legitima. Por el contrario, nos deslegitimiza a todos, por seguir un proceso distinto al que se dispone en el Reglamento. No reconozco la validez de ninguna votación que no se lleve a cabo como el Reglamento dispone. Sea como sea, puedo protestar pero no puedo evitar que se certifique la Resolución acordada en violación de nuestro Reglamento. El daño a la imagen de este Tribunal es irreparable.

Dicho esto, me corresponde explicar públicamente por qué la sala de verano acordó paralizar. Un examen del dictamen del Tribunal de Apelaciones nos convenció de que la parte peticionaria, Doral Financial Corp., tiene un planteamiento fuerte en los méritos que de no atenderse en esta etapa conllevaría tener que ordenar un nuevo juicio.

En síntesis, en este caso hay que interpretar la Sec. 6051.07 del Código de Rentas Internas de Puerto Rico, 13 LPRA sec. 33207. Su texto es idéntico a su contraparte federal, la Sec. 32.3.4.2 del Código de Rentas Internas de Estados Unidos, 26 USC sec. 7121. Por eso, deben interpretarse de manera similar, pues debemos "presumir que también se adoptó la interpretación dada a dicha ley en su lugar de origen". Fund. Surfrider y otros v. A.R.Pe., 178 DPR 563, 577-578 (2010). Véase, además, Legarreta v. Tesorero de P.R., 55 DPR 22, 25 (1939).

Siguiendo esa norma de hermenéutica el Tribunal de Primera Instancia resolvió que en este pleito en el que el Gobierno de Puerto Rico quiere que se declare nulo un acuerdo contributivo con la peticionaria Doral, el estándar probatorio aplicable es el de prueba robusta y convincente y es necesario probar la intención de cometer un "fraude o engaño, o falseamiento de un hecho pertinente". Sec. 6051.07(b), supra sec. 33207(b). Siguió así lo resuelto por los tribunales especializados (*Tax Courts*) que han interpretado la ley federal equivalente. Véase, por ejemplo, Halpern v. Commissioner, TC Memo 2000-151 (US Tax Court Memos 2000), y casos allí citados ("*clear and convincing proof*").

El Tribunal de Apelaciones revocó. Sin negar que la norma probatoria bajo el estatuto federal es la descrita en el párrafo anterior, la rechazó y en su lugar ordenó que aplique la regla general de preponderancia de prueba. Doral cita la jurisprudencia federal para señalar el error del foro intermedio. Además, señala que la garantía constitucional contra el menoscabo de los contratos (Const. PR, Art. II, Sec. 7) exige que para declarar nulo este contrato el gobierno tiene que cumplir con el *quantum* de prueba más riguroso.

Los casos federales que interpretan la Sec. 32.3.4.2, supra, señalan también que para probar el engaño o el falseamiento de un hecho pertinente necesario para invalidar un acuerdo contributivo, el gobierno tiene

que demostrar un "intento deliberado de engañar o inducir a error similar al que se requiere para probar fraude" Estate of Ravetti v. Commissioner I.R.S., 74 AFTR2d 6736 (1994) ("*deliberate intent to deceive or mislead similar to that required to prove fraud*"). Sin embargo, el Tribunal de Apelaciones hizo un análisis distinto basado en otras fuentes y rechazó la interpretación de la Sec. 32.3.4.2, supra.

Un estudio inicial de la interpretación del Tribunal de Apelaciones arroja que esta parece ser contraria a la que los tribunales especializados han dado a la legislación similar. La decisión del foro intermedio afecta irremediablemente cómo se conducirá el juicio señalado para comenzar mañana, 17 de septiembre de 2014. Hay que evaluar con detenimiento los planteamientos de las partes para evitar que se cometa un error revocable que, como señalé en mi voto disidente en Doral et al. v. ELA et al. II, res. el 20 de junio de 2014, 2014 TSPR 77, 2014 JTS 87, 191 DPR ___ (2014), a la larga sea esfuerzo y tiempo perdido. Por eso, considero ineludible paralizar el inicio de ese proceso, en auxilio de nuestra jurisdicción.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado