EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Doral Financial Corporation, Doral Bank, Doral Mortgage LLC, Doral Insurance Agency, Inc., Doral Properties, Inc. Peticionarios v. Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda Recurridos | Certiorari 2014 TSPR 71 191 DPR ____ |

Número del Caso: CT-2014-5

Fecha: 6 de junio de 2014

Abogado de la Parte Peticionaria:

Lcdo. Anthony Murray
Lcdo. Ramón L. Rosario Cortés

Materia: Resolución con Voto Particular Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Doral Financial Corporation, Doral Bank, Doral Mortgage LLC, Doral Insurance Agency, Inc., Doral Properties, Inc.<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>Recurridos | CT-2014-0005 | |

RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de junio de 2014.

Examinado el *Recurso de Certificación Intrajurisdiccional*, se provee *No Ha Lugar.*

Dado los importantes intereses de ambas partes, es conveniente y necesario que el Tribunal de Primera Instancia celebre una vista evidenciaria **en o antes del 12 de junio de 2014** y como mínimo resuelva el caso **en o antes del 26 de junio de 2014.**

Notifíquese inmediatamente por teléfono, correo electrónico, fax y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta emite la siguiente expresión: "La Jueza Asociada señora Fiol Matta está conforme con denegar el recurso de certificación intrajurisdiccional. Entiende que esta controversia debe ser resuelta por el Tribunal de Primera Instancia con premura y diligencia. Ahora bien, le parece innecesario sugerir a dicho foro un término particular para su resolución." La Juez Asociada señora Rodríguez Rodríguez emite un Voto particular disidente. El Juez Asociado señor Feliberti Cintrón está inhibido.

                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Doral Financial Corporation, Doral Insurance Agency, Inc., Doral Properties, Inc.<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, Departamento de Hacienda y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>Recurridos | CT-2014-5 | Certificación Intrajurisdiccional |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 6 de junio de 2014

Disiento enérgicamente de la determinación que toma el Tribunal de calendarizar, para el Tribunal de Primera Instancia, el trámite de este caso en ese foro. **¿Cuál es la urgencia?** La tinta en el sello de radicación ante el foro de instancia no se había secado cuando se corre para nuestra Secretaría solicitando una petición de certificación.

La mayoría, consciente de que este es un caso por demás complejo, estima, correctamente, que no se puede certificar y que corresponderá al foro primario recibir y aquilatar la prueba. Ello no obstante, y aun cuando

no tenemos jurisdicción en este caso pues no lo hemos expedido, el Tribunal decide poner en calendario expreso el caso ante el foro de instancia. Esta actuación conculca el derecho a un juicio justo para las partes. Este es un proceso atropellado en un caso que, aunque importante, no está revestido de una urgencia tal que exija su solución en un término de dos semanas. El procedimiento que encausa la mayoría de este Tribunal no es el proceso ordenado, serio, ponderado, riguroso y justo que ameritan las partes.

La pregunta forzada es, repito: ¿cuál es la urgencia? Se nos dice que la urgencia es que [irónicamente, dicho sea de paso] en un blog se señala que la disputa entre Doral y el Departamento de Hacienda "lacera la imagen de esta jurisdicción para hacer negocios." Francamente, aun si fuera así, esa no es una razón jurídica válida que permita dar al traste con el proceso ordenado que debe darse en este caso y que está reglado por las Reglas de Procedimiento Civil. Como esa no puede ser la verdadera razón, pregunto nuevamente: ¿por qué la urgencia?

Anabelle Rodríguez Rodríguez<br>
Juez Asociada