EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Doral Financial Corporation, Doral Bank, Doral Mortgage LLC,Doral Insurance Agency, Inc., Doral Properties, Inc.<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>Recurridos | 2014 TSPR 91<br><br>191 DPR \_\_\_\_ |

Número del Caso: CC-2014-555

Fecha: 22 de julio de 2014

Abogados del Peticionario:

      Lcdo. Carlos Rivera Vicente
      Lcdo. Rafael Nadal Arcelay
      Lcdo. Anthony Murray
      Lcdo. Ramón L. Rosario Cortés

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcdo. Zarel Soto Acabá
      Procurador General Auxiliar

Materia: Sentencia con Opinión de Conformidad y Opiniones Disidentes

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Doral Financial Corporation,
Doral Bank, Doral Mortgage LLC,
Doral Insurance Agency, Inc.,
Doral Properties, Inc.

       Peticionarios

       v.

Estado Libre Asociado de Puerto
Rico; Departamento de Hacienda; y
Hon. Melba Acosta Febo en su
capacidad oficial de Secretaria
del Departamento de Hacienda

       Recurridos

*Certiorari*

CC-2014-0555

**SENTENCIA**
**(Regla 50)**

En San Juan, Puerto Rico, a 22 de julio de 2014.

Nos corresponde evaluar si el Tribunal de Apelaciones erró al no emitir una orden que permitiera la continuación de los procedimientos del caso de epígrafe ante el Tribunal de Primera Instancia. Por entender que la actuación del foro apelativo intermedio contraviene la celeridad y diligencia que debe prevalecer en la solución de la presente controversia de alto interés público, expedimos el presente recurso al amparo de la Regla 50 del Reglamento de este Tribunal, *infra*, y revocamos la resolución recurrida. Como consecuencia, y cónsono con nuestros

pronunciamientos anteriores, ordenamos la continuación de los procedimientos ante el Tribunal de Primera Instancia. Ello, sin perjuicio del derecho que le asiste al Estado de acudir ante este Tribunal en el término establecido por ley para solicitar la correspondiente revisión de la Sentencia emitida por el Tribunal de Apelaciones el pasado 1 de julio de 2014.

A continuación, exponemos un resumen de los hechos pertinentes a la controversia particular que hoy nos ocupa.

## I

Durante el trámite procesal del presente caso, este Tribunal enfatizó en dos ocasiones que tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones debían atender la controversia planteada por las partes con prontitud. Al respecto, en la primera ocasión que denegamos una petición de certificación intrajurisdiccional presentada por los peticionarios, expresamos lo siguiente: "Dado los importantes intereses de _ambas_ partes, es conveniente y necesario que el Tribunal de Primera Instancia celebre una vista evidenciaria **en o antes del 12 de junio de 2014** y como mínimo resuelva el caso **en o antes del 26 de junio de 2014**". (Subrayado suplido). Véase _Doral et al. v. ELA, et al._, 2014 TSPR 71, 191 DPR __ (2014) (Resolución), resuelto el 6 de junio de 2014. Cónsono con ese dictamen, y posterior a la celebración de una vista argumentativa,

el foro primario emitió una Sentencia Parcial en la cual acogió la petición de desestimación presentada por el Estado tras concluir que carecía de jurisdicción para atender la reclamación presentada por los peticionarios. Véase Apéndice de la Petición de *Certiorari*, págs. 24-61.

Inconforme con esa determinación, los peticionarios acudieron al Tribunal de Apelaciones mediante un recurso de apelación. Íd., págs. 1-23. A su vez, presentaron ante nuestra consideración otro recurso de certificación intrajurisdiccional y una petición de auxilio de jurisdicción. Estos últimos dos recursos fueron denegados por este Tribunal en una resolución emitida el 20 de junio de 2014. Véase Doral, et al. v. ELA, et al., 2014 TSPR 77, 191 DPR ___ (2014) (Resolución), resuelto el 20 de junio de 2014. Ahora bien, nuevamente expresamos que "…debido a los intereses apremiantes de todas las partes instamos al Tribunal de Apelaciones a disponer del recurso ante su consideración en o antes del 26 de junio de 2014". Íd.

En reconocimiento a la urgencia que caracteriza el caso para ambas partes, el 1 de julio de 2014 el Tribunal de Apelaciones emitió una sentencia en la que revocó el dictamen del Tribunal de Primera Instancia. Véase Apéndice de la Petición de *Certiorari*, págs. 697-735. Así, el foro apelativo intermedio concluyó que el foro primario erró "…al determinar que el foro judicial carece de jurisdicción sobre la materia y, en consecuencia, al desestimar la causa de acción de la parte apelante". Íd.,

pág. 734. Por lo tanto, devolvió el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Dos días siguientes a esta determinación, los peticionarios acudieron al Tribunal de Primera Instancia mediante una *Moción urgente al Tribunal*. Íd., págs. 751-754. En esta, solicitaron que el foro primario emitiera una resolución en la que ordenara al Departamento de Hacienda "…a honrar sus obligaciones contractuales con Doral y cumplir cabalmente con los términos y condiciones del Acuerdo Final de 2012 según pactados entre las partes". Íd., pág. 753. Esta petición fue denegada por el foro primario el mismo 3 de julio al entender que la solicitud era prematura, ya que al momento no se había recibido el mandato del Tribunal de Apelaciones. Íd., págs. 755-756.

En esa misma fecha del 3 de julio de 2014, el Estado acudió en reconsideración al Tribunal de Apelaciones. Señaló que el foro apelativo intermedio erró al determinar que el Tribunal de Primera Instancia tenía jurisdicción para atender la presente controversia. Íd., págs. 736-746. Esta moción fue denegada el 7 de julio de 2014. Ese mismo día, los peticionarios presentaron ante el Tribunal de Apelaciones una *Moción urgente y en auxilio de jurisdicción*, en la que solicitaron, entre otros asuntos, el envío del mandato al Tribunal de Primera Instancia para la continuación de los procedimientos. Íd., págs. 747-756.

En oposición a esta solicitud, el Estado presentó una *Urgente oposición a Moción urgente y en auxilio de jurisdicción*. Íd., págs. 762-771. Por una parte, sostuvo que la solicitud no procedía en términos procesales porque los peticionarios no cumplieron con la notificación simultánea requerida para una petición en auxilio de jurisdicción. Por otro lado, planteó que la solicitud tampoco se sostenía en términos sustantivos, ya que los peticionarios no lograron establecer la existencia de algún daño irreparable. Asimismo, expuso que acceder al curso de acción solicitado violentaría el derecho del Estado de recurrir en revisión ante este Tribunal Supremo.

Mediante resolución emitida el 9 de julio de 2014, el Tribunal de Apelaciones declaró no ha lugar el petitorio de los peticionarios. Íd., págs. 775-776. Según expuso, se ve imposibilitado de ordenar la continuación de los procedimientos porque ello conllevaría prescindir del término jurisdiccional de sesenta días con el que cuenta el Estado para presentar un recurso discrecional de *certiorari* ante este Tribunal.

No conforme con esta determinación, los peticionarios acudieron ante este Tribunal mediante una petición de *certiorari* y una *Moción urgente en auxilio de jurisdicción*. Por un lado, estos señalaron en su recurso de *certiorari* que el Tribunal de Apelaciones erró "…al denegar el envío del mandato al foro primario y/o la solicitud de un trámite expedito para el presente caso".

Véase Petición de *Certiorari*, pág. 4. Por otro lado, expusieron en su solicitud de auxilio de jurisdicción que de no resolverse el caso con la urgencia solicitada desde un inicio conllevaría que la controversia se torne académica, lo cual les ocasionaría daños irreparables. Posteriormente, el Estado presentó su posición sobre el particular mediante una *Urgente oposición consolidada a expedición de auto de certiorari y a Moción en auxilio de jurisdicción*. En esta, solicitó que denegáramos el recurso presentado por los peticionarios por las mismas razones que expuso en su posición ante el foro apelativo intermedio.

Con el beneficio de la comparecencia de <u>ambas</u> partes y en ausencia de impedimento alguno para disponer de la controversia que hoy nos ocupa, expedimos el recurso de *certiorari* solicitado y procedemos a resolver sin trámite ulterior, conforme a las disposiciones de la Regla 50 del Reglamento de este Tribunal, 4 LPRA XXI-B.[1]

**II**

Como norma general, la correcta presentación de un escrito de apelación ante el Tribunal de Apelaciones tiene el efecto de paralizar todos los procedimientos en el

---

[1] La Regla 50 del Reglamento del Tribunal Supremo, <u>supra</u>, dispone lo siguiente:

> En situaciones no previstas por este reglamento, el Tribunal encauzará el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes.

> Queda reservada la facultad del Tribunal para prescindir de términos, escritos o procedimientos específicos a los fines

Tribunal de Primera Instancia en cuanto a la sentencia o parte de la misma que se apela. Ahora bien, nuestro ordenamiento reconoce la autoridad del Tribunal de Apelaciones para ordenar al Tribunal de Primera Instancia la continuación de los procedimientos a pesar de la existencia de un trámite apelativo. Sobre ambas posibilidades, la Regla 52.3 de Procedimiento Civil, 32 LPRA Ap. V, dispone lo siguiente, en su parte aquí pertinente:

> (a) Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela, o las cuestiones comprendidas en ella, **salvo orden en contrario <u>expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación</u>**; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión involucrada en el mismo no comprendida en la apelación. (Énfasis y subrayado suplido).

Paralelo a ello, la Regla 18 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXI-B, establece:

> (A)   Suspensión
>
> Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de la misma, de la cual se apela, o a las cuestiones comprendidas en ella, **salvo orden en contrario, <u>expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones</u>**; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión no comprendida en la apelación. (Énfasis y subrayado suplido).

---

de lograr el más justo y eficiente despacho del caso o del asunto de que se trate.

De esta manera, notamos que de los dos citados preceptos surgen los dos escenarios que mencionáramos. Por un lado, tanto las Reglas de Procedimiento Civil como el Reglamento del Tribunal de Apelaciones establecen la paralización automática de los procedimientos ante el foro primario al momento de la correcta presentación de un recurso de apelación ante el foro apelativo intermedio. Por otro lado, ambos cuerpos reglamentarios reconocen que el Tribunal de Apelaciones tiene la facultad de ordenar, ya sea por petición de parte o a iniciativa propia, la continuación de los procedimientos ante el Tribunal de Primera Instancia. Véase, Colón y otros v. Frito Lays, 186 DPR 135, 145-150 (2012); véase, además, Rafael Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta ed., Lexis Nexis, 2010, págs. 473-474; J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. IV, págs. 1545-1550. Claro está, ello como un ejercicio de una sana discreción que le asiste al Tribunal de Apelaciones que debe ejercerse de manera sabia y prudente, y el cual podría estar sujeto a revisión por parte de este Foro.

**III**

En el presente caso, el Tribunal de Apelaciones denegó mediante resolución la solicitud que le hicieran los peticionarios de ordenar al Tribunal de Primera Instancia a continuar con los procedimientos. Esto porque entendía que no tenía discreción para ello, ya que tal

curso de acción alegadamente afectaría el derecho del Estado de acudir en revisión dentro del término jurisdiccional de sesenta días que establece las Reglas de Procedimiento Civil. Indudablemente, el Tribunal de Apelaciones erró en su razonamiento y proceder.

Como bien expusimos en las secciones que anteceden, este Tribunal ha expresado diáfanamente en dos ocasiones que la controversia en este caso representa un asunto de alto interés para ambas partes y el País. Por lo tanto, hemos sido consistentes al establecer que el mismo debe ser atendido con premura y diligencia. Conforme a ello, una vez se determinó que los tribunales tenían jurisdicción para atender la demanda presentada por los peticionarios, el Tribunal de Apelaciones debió ejercer su discreción y ordenar la continuación de los procedimientos ante el Tribunal de Primera Instancia.

Tal acción, bajo ninguna circunstancia, violenta el derecho que le asiste a la parte adversamente afectada por la sentencia emitida por el Tribunal de Apelaciones – en este caso el Estado – de acudir en revisión ante nos. Simplemente, se trata de una medida procesal que permite la pronta continuación de los procedimientos, mientras el Estado decide si, en efecto, ejerce su prerrogativa de acudir en revisión ante este Tribunal Supremo mediante un recurso discrecional de *certiorari*.

IV

Por los fundamentos antes expuestos, y a tenor con las disposiciones de la Regla 50 del Reglamento de este Tribunal, supra, expedimos el recurso de *certiorari* solicitado y revocamos la resolución emitida por el Tribunal de Apelaciones el 9 de julio de 2014. Consiguientemente, ordenamos la continuación inmediata de los procedimientos ante el Tribunal de Primera Instancia, conforme a la Sentencia que emitió el Tribunal de Apelaciones, hasta que otra cosa se disponga.

Notifíquese inmediatamente por fax, teléfono y por la vía ordinaria.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal del Supremo. El Juez Asociado señor Estrella Martinez emite Opinión de Conformidad a la cual se une el Juez Asociado señor Rivera García. La Jueza Presidenta señora Fiol Matta disiente con Opinión escrita. La Juez Asociada señora Rodríguez Rodríguez disiente con Opinión escrita a la cual se une la Jueza Asociada Oronoz Rodríguez. El Juez Asociado señor Feliberti Cintrón está inhibido.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Doral Financial Corporation, Doral Bank, Doral Mortgage LLC, Doral Insurance Agency, Inc., Doral Properties, Inc.<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>Recurridos | CC-2014-555 | Certiorari |

Opinión de conformidad emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ a la cual se une el Juez Asociado SEÑOR RIVERA GARCÍA

San Juan, Puerto Rico, a 22 de julio de 2014.

Invariablemente, he reiterado el firme criterio de que los pleitos revestidos de un interés público apremiante y cuyas repercusiones socioeconómicas son incuestionables, requieren una atención diligente de los foros judiciales, para que la parte que le asista un

remedio lo reciba de forma **completa, oportuna y adecuada.**[2]

Sabido es que "'[l]os estatutos que regulan la jurisdicción o la facultad de los tribunales de atender y resolver las controversias ante sí de la ciudadanía, son de alto interés público', y [...] dicho interés **urge el mayor acceso posible de los ciudadanos a sus tribunales de justicia**". *Véase*, Voto particular emitido por el Juez Asociado señor Estrella Martínez en <u>Alvarado Pacheco v. ELA</u>, 188 DPR 594, 658 (2013) citando a H.A. Sánchez Martínez, <u>*Práctica jurídica de Puerto Rico: derecho procesal apelativo*</u>, Hato Rey, Ed. Lexis-Nexis, Sec. 103, pág. 4, 2001. (Escolio omitido y énfasis suplido). Cuando aplicamos esas palabras en el quehacer de adjudicar, no debemos hacerlo selectivamente distinguiendo si se trata de un solo confinado, o de una corporación, o de cientos de servidores públicos. Con la libertad de haber sido consecuente en facilitar el mayor grado de acceso a la justicia, y convencido de que en el caso de marras hemos cumplido con esta crucial tarea, responsablemente estoy conforme con la determinación tomada por este Tribunal. Sin duda, las circunstancias particulares en que se

---

[2]*Véanse*, Opinión de conformidad emitida por el Juez Asociado señor Estrella Martínez en <u>Santana Báez v. Administración de Corrección</u>, 2014 TSPR 64, 190 DPR ___ (2014); Voto particular de conformidad emitido por el Juez Asociado señor Estrella Martínez en <u>Asociación de Maestros de Puerto Rico</u>, *et al.* v. <u>Sistema de Retiro para Maestros de Puerto Rico</u>, *et al.*, 2014 TSPR 4, 190 DPR ___ (2014); Voto particular emitido por el Juez Asociado señor

desarrolla la controversia ante nos lo ameritan y requieren.

Luego de sopesar los intereses de todas las partes involucradas y consciente de la etapa procesal en que se encuentra la controversia, soy de la opinión de que el señalamiento de error levantado por la parte peticionaria no carece de méritos. Al atender con premura este señalamiento, otorgamos un remedio adecuado y cónsono con el acceso a la justicia. Acceso que consecuentemente he protegido cuando las circunstancias fácticas y procesales así lo han exigido. Un rechazo a actuar por parte de este Tribunal en estos momentos, conllevaría la pesada carga de obturar la urgencia que reviste este caso y, en consecuencia, se troncharía el fin de evitar fracasos de la justicia. En consecuencia, no puedo avalar un proceder contrario del que he sido invariable y enérgicamente disidente.

Las particularidades de la controversia de epígrafe nos mueven a concluir que el Tribunal de Apelaciones incidió al no ejercer su discreción de forma razonable. Como expusimos, los méritos de este caso requerían que se actuara con premura y celeridad.[3] Con pleno conocimiento de ello y, sobre todo, con las facultades procesales para

---

Estrella Martínez en Alvarado Pacheco v. ELA, 188 DPR 594 (2013).

[3]Para una discusión sobre el particular en el contexto de las mociones en auxilio de jurisdicción presentadas ante los foros judiciales, véase García López y otros v. ELA, 185 DPR 371 (2012).

así hacerlo, el foro apelativo intermedio debió ejercer su sana discreción y ordenar la pronta continuación de los procedimientos ante el Tribunal de Primera Instancia. En otras palabras, la discreción del aludido foro judicial no operaba en el vacío ni de modo arbitrario, por lo que debió utilizarla sabiamente.

Al escoger su curso de acción, el foro intermedio ignoró las normas discutidas por lo que respetuosamente considero que abusó de su discreción, al no conceder un remedio contemplado por la Regla 52.3 de las de Procedimiento Civil, 32 LPRA Ap. V, y la Regla 18 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXI-B. Adviértase que la llamada discreción es una facultad del poder decisorio de los tribunales para escoger entre uno o varios cursos de acción. *Véase*, Opinión de conformidad emitida por el Juez Asociado señor Estrella Martínez en García López y otros v. ELA, 185 DPR 371, 394 (2012). Empero, es norma reiterada que esa potestad debe ejercerse conforme a lo razonable. Ello, en aras de alcanzar una solución justiciera que responda y produzca un remedio compatible con los intereses involucrados. Íd.

En vista de que, como mencionamos, nos encontramos ante una disputa de marcado interés público y que alcanza indudables repercusiones socioeconómicas, este Tribunal no debe cruzarse de brazos. Todo lo contrario, se espera que los tribunales atiendan tales reclamos oportuna y diligentemente. Convencido de que la controversia de

marras no debe representar una excepción a lo anterior, estoy conforme con expedir el caso en estos momentos y atender el único señalamiento de error que se encuentra ante nos, a saber: conceder el remedio negado por el Tribunal de Apelaciones.

Entendemos que devolver el caso ante el foro de instancia para la continuación de los procedimientos, constituye **el remedio oportuno, adecuado y completo que requiere el presente caso en esta etapa**. Recordemos que hemos sido diáfanos en expresar que esta controversia es una de alto interés tanto para las partes como para el País, por lo que requiere ser atendida con el rigor que amerita.

Máxime con el mensaje que nos transmite el Estado Libre Asociado en su escrito de oposición. En esencia, el Estado invoca el derecho a estratégicamente cruzarse de brazos para utilizar su reserva de 60 días en aras de acudir en revisión ante este Tribunal. Ciertamente, el dictamen que hoy emitimos no lacera ni trastoca el derecho que le asiste al Estado de recurrir, en el término estatutario, para solicitar la correspondiente revisión de la Sentencia dictada por el foro intermedio. Ahora bien, los jueces y las juezas tenemos el deber de evaluar las repercusiones que tienen las estrategias de los litigantes. Es por ello que no podemos obviar las consecuencias que acarrea la estrategia legal del Estado Libre Asociado. Una de esas repercusiones es exponerse a

que la parte contraria acuda al Poder Judicial en búsqueda de protecciones para que la controversia no se torne académica, ocurra un potencial daño irreparable o evitar que se obstaculice la sana administración de la justicia. Precisamente, ese es el remedio que diligente, responsable y oportunamente se le ha concedido a la parte peticionaria.

En fin, mientras el Estado ejerce su derecho de esperar estratégica y pacientemente para recurrir en revisión dentro del espacio de tiempo provisto por el legislador, esta Curia no puede soslayar considerar el reclamo presentado por la parte peticionaria. Conforme señalamos, sin entrar en los méritos de la controversia, el reclamo procesal es meritorio y nuestro ordenamiento jurídico cuenta con mecanismos para atenderlo. Por tanto, una actuación fundada en un insostenible automatismo inflexible daría al traste con la responsabilidad que debe descargar este Tribunal en controversias como la que hoy tenemos ante nuestra consideración.

Al amparo de los fundamentos que anteceden, avalo el dictamen que emite esta Curia.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Doral Financial Corporation, Doral Bank, Doral Mortgage LLC, Doral Insurance Agency, Inc., Doral Properties, Inc.
       Peticionarios

          v.

Estado Libre Asociado de Puerto Rico, Departamento de Hacienda y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda
       Recurridos

*Certiorari*

CC-2014-555

Opinión disidente emitida por la Jueza Presidenta SEÑORA FIOL MATTA

En San Juan, Puerto Rico, a 22 de julio de 2014.

Disiento de la decisión que hoy toma este Tribunal pues, al acelerar el cauce apelativo de este caso, relega a un segundo plano una controversia jurisdiccional, las nociones básicas de economía procesal y el derecho al debido proceso de ley de una de las partes.

I.

Doral Financial Corporation y sus subsidiarias (Doral Financial) presentaron una demanda en el Tribunal de Primera Instancia contra el Estado Libre Asociado de Puerto Rico (ELA). Alegó que el Departamento de Hacienda de Puerto Rico dejó sin efecto un contrato otorgado en el año 2012 y solicitó que se examinara la validez de esa determinación. Ese mismo día, Doral acudió a este Tribunal mediante recurso de certificación intrajurisdiccional. Nos negamos a atender el recurso.

Sin embargo, una mayoría de este Tribunal expresó en la Resolución que era conveniente y necesario que el Tribunal de Primera Instancia celebrara una vista evidenciaria en o antes del 12 de junio de 2014 y, como mínimo, resolviera el caso en o antes del 26 de junio de 2014.[4]

El Tribunal de Primera Instancia emitió una sentencia parcial en la que se declaró sin jurisdicción para atender la controversia. Inconforme, Doral acudió al foro apelativo. Paralelamente, presentó otro recurso de certificación intrajurisdiccional ante este Tribunal. Nuevamente, nos negamos a atender el recurso—a la vez que instamos al foro apelativo a disponer del recurso en o antes del 26 de junio de 2014.[5] El 1 de julio de 2014, el foro apelativo emitió una Sentencia en la cual concluyó que el Tribunal de Primera Instancia había errado al desestimar la demanda. Resolvió que el foro primario tiene jurisdicción para atender la controversia y devolvió el caso para la continuación de los procedimientos.

El 3 de julio de 2014, el ELA solicitó la reconsideración de esa determinación, la cual fue denegada por el foro apelativo en Resolución fechada 7 de julio.

---

[4] Doral Financial Corporation, et al. v. ELA, et al., res. 6 de junio de 2014, 2014 TSPR 71, 191 DPR ___ (2014). En esa ocasión señalé que estaba conforme con denegar el recurso de certificación intrajurisdiccional, pues la controversia debía ser resuelta por el Tribunal de Primera Instancia con premura y diligencia. No obstante, señalé que me parecía innecesario sugerir a dicho foro un término particular para la resolución del caso.

[5] Véase Doral Financial Corporation, et al. v. ELA, et al., res. 20 de junio de 2014, 2014 TSPR 77, 191 DPR ___ (2014). Posteriormente, mediante una comparecencia especial, el Tribunal de Apelaciones nos informó de sus

Ese mismo día, Doral compareció ante el Tribunal de Apelaciones mediante Moción Urgente y Auxilio de Jurisdicción. Informó que el 3 de julio había acudido al Tribunal de Primera Instancia solicitando que dicho foro actuara sobre el caso y que el tribunal había resuelto que la petición era prematura, pues no había recibido el mandato del Tribunal de Apelaciones. Por ello, Doral Financial solicitó al tribunal apelativo que enviara el mandato y ordenara que el foro primario considerara la moción que había presentado o, en la alternativa, que fijara fecha para una vista evidenciaria. El Estado se opuso a esa solicitud. El 9 de julio de 2014, el Tribunal de Apelaciones denegó la solicitud de Doral. Señaló que no tenía autoridad en ley para conceder lo solicitado pues su reglamento establece cuándo se devolverá el mandato y el ELA cuenta con un término jurisdiccional de 60 días para solicitar la revisión de la sentencia recurrida.

Inconforme con esa determinación, Doral presentó a este Tribunal una petición de *certiorari* y una moción en auxilio de jurisdicción. Argumentó que "el Tribunal de Apelaciones debió expedir el mandato y ordenar un calendario expedito para preservar la jurisdicción del foro judicial ante la gran probabilidad de que la controversia de autos se convierta en académica por el mero transcurso del tiempo".[6] Por ello, nos solicitó que ordenáramos la continuación inmediata de los procedimientos ante el foro primario de conformidad con la

_____

gestiones para resolver el caso con premura  y solicitó tiempo adicional.
[6] Petición de *certiorari,* pág. 8.

Sentencia del Tribunal de Apelaciones de 1 de julio de 2014. Debemos, pues, determinar si se puede preterir el término reglamentario dispuesto para la devolución del mandato y, con ello, privar al ELA de la oportunidad de recurrir de la sentencia del Tribunal de Apelaciones.

## II.

Mediante el mandato, un foro apelativo le comunica al tribunal apelado su decisión, le imparte instrucciones y le devuelve el expediente original del caso.[7] Este escrito representa el final de los procesos en revisión, la remoción del caso de la jurisdicción del tribunal apelativo y su devolución al foro de origen para la continuación de los procedimientos.[8] Es un trámite necesario para que el foro recurrido recupere su jurisdicción, ya que "[u]na vez se paralizan los procedimientos en el foro de instancia, éste pierde su jurisdicción para continuar atendiendo los asuntos relacionados a las controversias planteadas".[9] Para recobrar la facultad de continuar con los procedimientos es necesario que el foro apelativo le envíe el mandato.[10] De lo contrario, cualquier actuación "sobre aquellas controversias contenidas en el recurso de revisión y, en consecuencia, cualquier determinación adelantada por el

---

[7] R. Hernández Colón, Práctica Jurídica de Puerto Rico; Derecho Procesal Civil, 5ta ed., San Juan, Pub. Lexis Nexis, 2010, Sec. 5553, págs. 499.

[8] Vaillant Valenciano v. Santander, 147 DPR 338, 350-351 (1998).

[9] Pérez Suárez, Ex parte v. Departamento de la Familia, 147 DPR 556, 570 (1999).

[10] Íd.

foro inferior antes de recibir el mandato es *nula* por carecer de jurisdicción sobre la materia".[11]

El Reglamento del Tribunal de Apelaciones y el de este Tribunal establecen el momento en que se debe devolver el mandato. La Regla 84 (E) del Reglamento del Tribunal de Apelaciones[12] indica que dicho foro deberá hacerlo una vez hayan transcurridos diez (10) días laborables **desde que su decisión advenga final y firme**. El lenguaje es categórico y no confiere al Tribunal discreción alguna para acortar el término.[13]

Una sentencia es final una vez se registra y se archiva en autos copia de su notificación.[14] Se torna firme con el trascurso del tiempo, específicamente una vez transcurre el término para solicitar reconsideración o apelar sin que se hayan presentado dichos recursos, o cuando concluye por completo el proceso apelativo.[15]

Por otro lado, la Regla 52.2 de Procedimiento Civil dispone un término de sesenta (60) días, contados desde la fecha del archivo en autos de copia de la sentencia o resolución recurrida, para que el ELA pueda solicitar revisión discrecional de las sentencias o resoluciones del

---

[11] *Vaillant Valenciano v. Santander*, *supra*, pág. 351.

[12] 4 LPRA XXII-B R. 84(E).

[13] A diferencia de esa disposición, el Reglamento del Tribunal Supremo reconoce la facultad de retener el mandato. Ver Regla 45 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXIB-R 45.

[14] R. Hernández Colón, *op cit.*, sec. 4106, pág. 378.

[15] Íd, pág. 379

Tribunal de Apelaciones que son dictadas en recursos de apelación. [16] Este término es jurisdiccional.

En este caso, la sentencia del foro apelativo es final pero no es firme, pues no han transcurrido aun los 60 días concedidos por ley al ELA para recurrir a este Tribunal mediante el recurso discrecional de *certiorari.* Por eso, el foro apelativo estaba impedido de enviar el mandato al Tribunal de Primera Instancia. Como ya mencionamos, la Regla 84 (E) del Reglamento del Tribunal de Apelaciones, *supra*, indica que dicho foro deberá enviar sus mandatos luego de haber transcurrido diez (10) días laborables **de haber advenido final y firme su decisión**. El Tribunal de Apelaciones no tiene discreción para alterar ese término. Por lo tanto, la Resolución que emitió 9 de julio de 2014 negándose a devolver el mandato al foro primario fue correcta. Por otra parte, es incuestionable que el foro apelativo actuó con la diligencia requerida.

La Sentencia que hoy emite este Tribunal no discute ni concluye nada sobre la determinación del Tribunal de Apelaciones en lo concerniente a la devolución del mandato. Por el contrario, deja en suspenso este planteamiento de error y acoge el argumento alternativo de Doral Financial de que el foro apelativo erró al no ordenar que el foro de instancia llevara a cabo un trámite expedito en el presente caso. En ese sentido, la Sentencia concluye que el Tribunal de Apelaciones podía ordenar la continuación de los procedimientos en el Tribunal de Primera Instancia mediante una orden provisional, amparada

---

[16] 32 LPRA Ap. V R. 52.2.

en la Regla 52.3 de Procedimiento Civil[17] y la Regla 18 del Reglamento del Tribunal de Apelaciones[18]. El examen de estas disposiciones revela lo incorrecto de esta conclusión.

La Regla 52.3, *supra*, [19] dispone que:

> **[u]na vez presentado el escrito de apelación**, se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela, o las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación; pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión involucrada en el mismo no comprendida en la apelación. Disponiéndose, que no se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia disponga la venta de bienes susceptibles de pérdida o deterioro, en cuyo caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el tribunal de apelación dicte sentencia. [Énfasis suplido]

En primer lugar, esta regla se refiere a lo que ocurre cuando se presenta el escrito de apelación en el Tribunal de Apelaciones. La regla general es que, en ese momento, los procedimientos ante el foro inferior se suspenden a menos que el tribunal apelativo ordene que los mismos continúen. La regla no se refiere a lo que ocurre después que el Tribunal de Apelaciones notifica su determinación, como ocurrió en este caso.

En segundo lugar, no podemos olvidar que en este caso el Tribunal de Primera Instancia se declaró sin jurisdicción para atender la controversia. Es decir, no

---

[17] 32 LPRA Ap. V R. 52.2.

[18] 4 LPRA XXII-B R. 18.

hay procedimiento alguno en dicho foro hasta tanto el Tribunal de Apelaciones devuelva el mandato, lo cual no procedía, de acuerdo a las disposiciones de su reglamento. Precisamente, el error principal de la Sentencia que hoy se certifica es ordenar que los procedimientos en el Tribunal de Primera Instancia continúen sin que se haya devuelto el mandato. Al hacerlo, la mayoría obvia el que la controversia apelada es, precisamente, sobre la jurisdicción del Tribunal de Primera Instancia para atender el caso, por ausencia de mandato.

Hemos reiterado en innumerables ocasiones que los tribunales somos custodios de nuestra propia jurisdicción.[20] Esto quiere decir que antes de considerar siquiera los méritos de un caso, "los tribunales debemos examinar si tenemos facultad para ello. Así, la correcta adjudicación de una controversia requiere que los tribunales consideremos, como cuestión **de umbral**, si la ley avala el ejercicio de nuestra **jurisdicción**".[21] [Énfasis suplido]

Es por eso que la decisión que hoy adopta una mayoría de los miembros de este Tribunal es contraria a derecho. Además, ordenar que el foro primario continúe con los procedimientos, sin que se haya determinado mediante sentencia final y firme que el tribunal tiene

---

[19] La Regla 18 de Reglamento del Tribunal de Apelaciones recoge lo dispuesto por la Regla 52.3 de Procedimiento Civil.

[20] Horizon Media Corp. v. Junta Revisora de Permisos y Uso de Terrenos de Puerto Rico, 2014 TSPR 83, 191 DPR ____ (2014); Misión Ind. P.R. v. J.P., 146 DPR 64, 197 (1998). (Opinión de conformidad, J. Hernández Denton).

[21] Misión Ind. P.R. v. J.P., supra, pág. 197.

jurisdicción, es contrario a las nociones básicas de economía procesal y puede dar la impresión de que se ha prejuzgado la controversia.

Por todo lo anterior denegaría el recurso de epígrafe. Al no ser esta la decisión del Tribunal, disiento.


Liana Fiol Matta
Jueza Presidenta

| Doral Financial Corporation, Doral Bank, Doral Mortgage LLC, Doral Insurance Agency, Inc., Doral Properties, Inc.<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Hacienda; y Hon. Melba Acosta Febo en su capacidad oficial de Secretaria del Departamento de Hacienda<br><br>Recurridos | CC-2014-0555 |
| --- | --- |

Opinión disidente emitida por la Juez Asociada señora Rodríguez Rodríguez a la que se une la Jueza Asociada Oronoz Rodríguez

San Juan, Puerto Rico, a 22 de julio de 2014

Hoy una mayoría de este Tribunal, amparándose con un manto de imparcialidad, se otorga jurisdicción sobre una controversia sobre la cual sencillamente no la ostentamos. Al acoger este recurso en esta etapa procesal, la mayoría nuevamente provee un trato desigual a las partes en litigio, protegiendo el interés pecuniario de Doral Financial Corp. (Doral) por encima del derecho del Estado Libre Asociado de Puerto Rico a recurrir en revisión de una sentencia del Tribunal de Apelaciones dentro del término **jurisdiccional** de 60 días que dispone nuestras Reglas de Procedimiento Civil. Una vez más me debo preguntar, ¿cuál es la urgencia?

Por entender que la sentencia que hoy emite este Tribunal, lejos de proteger el interés de ambas partes

en el litigio, lacera irremediablemente el derecho del Estado de revisar una sentencia donde se dilucidaron asuntos de umbral como la jurisdicción del foro primario para atender la controversia entre las partes, disiento.

Para entender a cabalidad el curso desacertado que hoy ordena la mayoría de este Tribunal, veamos el trámite procesal del recurso de epígrafe.

I

La controversia ante nuestra consideración tiene su génesis en una solicitud de sentencia declaratoria que presentó Doral y sus subsidiarias solicitando que el Tribunal de Primera Instancia, Sala Superior de San Juan, examinara la validez de la decisión del Departamento de Hacienda de dejar sin efecto un acuerdo entre las partes. Mediante el acuerdo en controversia, el Departamento de Hacienda le reconoció a Doral Financial Corp. un derecho a reembolso por concepto de pago en exceso de contribuciones. Luego de varios trámites procesales, incluyendo la presentación de un recurso de certificación intrajurisdiccional ante este Tribunal, el 16 de junio de 2014 el Tribunal de Primera Instancia dictó sentencia declarando que carecía de jurisdicción sobre la materia para atender la validez de la decisión del Departamento de Hacienda, pues adjudicar la controversia requería del peritaje de la agencia en cuestión.

Inconformes con la determinación del foro de instancia, el 18 de junio de 2014 Doral acudió mediante

apelación al Tribunal de Apelaciones y alegó que el Tribunal de Primera Instancia incidió al concluir que carece de jurisdicción sobre la materia.[22] El Tribunal de Apelaciones expidió el recurso y el 1 de julio de 2014 dictó sentencia revocando la determinación de falta de jurisdicción que realizó el Tribunal de Primera Instancia.

El foro apelativo intermedio razonó que la determinación de la Secretaria de Hacienda que hizo constar a través de su comunicación de 14 de mayo de 2014 constituye una determinación final de la Secretaria, a pesar de que no se celebró vista informal ni se siguió el procedimiento de Hacienda de adjudicación formal. Por lo tanto, entendió que sería redundante agotar los remedios administrativos ante el Departamento de Hacienda, toda vez que la determinación del oficial examinador deberá ser aprobada por la misma Secretaria. También revocó la determinación del Tribunal de Primera Instancia en cuanto a que Doral tendría el peso de probar la validez del acuerdo, pues es quien

---

[22] El 18 de junio de 2014 Doral también presentó nuevamente una moción de certificación intrajurisdiccional ante este Tribunal solicitando la revisión de la determinación del foro de instancia. El 20 de junio de 2014 una mayoría de este Tribunal proveyó no ha lugar a la moción de certificación intrajurisdiccional y a la moción en auxilio de jurisdicción. Sin embargo, en la Resolución se instó al Tribunal de Apelaciones a disponer del recurso en o antes del 26 de junio de 2014, involucrándose indebidamente por segunda vez en el manejo del caso. Posteriormente, el Panel II de San Juan del Tribunal de Apelaciones compareció ante este Tribunal solicitando una extensión de término hasta el 1 de julio de 2014 para disponer adecuadamente del recurso.

invoca la nulidad del acuerdo — el Departamento de Hacienda — quien tiene el peso de la prueba. Por ende, devolvió el caso al foro primario para que continuara con los procedimientos.

Tras recibir notificación de la sentencia del Tribunal de Apelaciones, el 3 de julio de 2014 Doral presentó una moción ante el Tribunal de Primera Instancia para que ordenara la celebración de una vista expedita donde Hacienda pruebe las bases de la alegada nulidad. No obstante, mediante orden dictada ese mismo día, el Tribunal de Primera Instancia indicó que la solicitud de Doral era prematura, toda vez que no había recibido el mandato de parte del Tribunal de Apelaciones y consecuentemente carecía de jurisdicción para continuar los procedimientos y ejecutar los dictámenes de la sentencia del foro apelativo intermedio. De igual forma, reconoció que no conoce si el Estado ejercerá su derecho a revisar la sentencia del Tribunal de Apelaciones ante el Tribunal Supremo de Puerto Rico. Ese mismo día, el 3 de julio de 2014, el Estado presentó una moción de reconsideración ante el Tribunal de Apelaciones, la cual fue denegada el 7 de julio de 2014.

Inconformes con la decisión del Tribunal de Primera Instancia de no continuar los procedimientos — y mientras el Tribunal de Apelaciones tenía ante su consideración la moción de reconsideración presentada por el Estado — el 7 de julio de 2014 Doral presentó una *Moción urgente y en auxilio de jurisdicción* ante el

Tribunal de Apelaciones, solicitando que "remita el mandato al foro primario y ordene la consideración de la Moción Urgente presentada o, en la alternativa, que fije vista evidenciara esta semana o la próxima". Apéndice en las págs. 749-50. Amparándose en las Reglas 18 y 79 del Reglamento del Tribunal de Apelaciones, y las Reglas 1 y 52.3 de Procedimiento Civil, Doral argumentó que la orden dictada el 3 de julio de 2014 por el Tribunal de Primera Instancia ignoró la urgencia del pleito y que el Tribunal de Apelaciones estaba facultado para ordenar la continuación de los procedimientos y emitir medidas que eviten un fracaso de la justicia o que las controversias se tornen académicas. A pesar de que intenta revisar una resolución interlocutoria dictada por el Tribunal de Primera Instancia luego de dictada la sentencia del Tribunal de Apelaciones de 1 de julio de 2014, Doral no acompañó su moción en auxilio de jurisdicción con un recurso de certiorari.

El 9 de julio de 2014, el Tribunal de Apelaciones declaró no ha lugar a la moción presentada por Doral. Razonó el Tribunal que la Regla 84(e) del Reglamento del Tribunal de Apelaciones establece cuándo debe enviar el mandato al Tribunal de Primera Instancia: 10 días luego que la sentencia del Tribunal de Apelaciones advenga final y firme. Considerando que el Estado cuenta con un término jurisdiccional de 60 días para solicitar la revisión de la sentencia del Tribunal de Apelaciones de 1 de julio de 2014, término que comenzó el 8 de julio de

2014 cuando el foro apelativo intermedio denegó la solicitud de reconsideración del Estado, el Tribunal de Apelaciones razonó que prescindir del mismo sería una acción que excedería su autoridad.

Inconformes con la decisión del Tribunal de Apelaciones, Doral acudió ante nosotros mediante recurso de *certiorari* y moción en auxilio de jurisdicción. Señaló como único error que el Tribunal de Apelaciones incidió al denegar su solicitud de enviar el mandato al Tribunal de Primera Instancia, o en la alternativa ordenar un trámite expedito. Dada la premura y urgencia del caso, entienden que no enviar el mandato constituiría un fracaso de la justicia que ocasionaría daños irreparables a las operaciones de Doral. Argumentan que la Regla 52.3 de Procedimiento Civil, plasmada en la Regla 18 del Reglamento del Tribunal de Apelaciones, permite enviar el mandato al foro inferior antes del término que dispone el propio reglamento del Tribunal de Apelaciones para enviarlo 10 días luego que la sentencia adviene final y firme. Por otro lado, argumentan que la Regla 79 del Reglamento del Tribunal de Apelaciones permite que el Tribunal emita órdenes en auxilio de jurisdicción para hacer efectiva la jurisdicción de los tribunales y evitar un fracaso a la justicia o que las controversias se tornen académicas.

En su *certiorari* ante nosotros, **Doral argumenta por primera vez que la solicitud de auxilio de jurisdicción que presentó ante el Tribunal de Apelaciones en realidad**

**era una moción de reconsideración de la sentencia de 1 de julio de 2014.** Asimismo, razonan que la Regla 52.3 de Procedimiento Civil reconoce la autoridad de los tribunales para variar la norma general que la presentación de un recurso de apelación suspende los procedimientos ante los foros inferiores. Por lo tanto, enviar el mandato es un remedio en equidad que recae en la sana discreción de los tribunales, parte del poder inherente de los tribunales. Finalmente, argumentan que en virtud de la Regla 50 del Reglamento del Tribunal Supremo este Tribunal tiene la facultad para prescribir procedimientos que garanticen que se imparta justicia.

Por su parte, el Estado sostiene que la petición de *certiorari* de Doral tiene como único propósito privar al Estado de su derecho a solicitar la revisión de una sentencia adversa. Según se desprende de la Regla 52.2 de Procedimiento Civil, el Estado cuenta con un término jurisdiccional de 60 días para recurrir en revisión de la sentencia del foro apelativo intermedio de 1 de julio de 2014, por lo que el Tribunal de Apelaciones no puede enviar el mandato hasta que culmine este periodo o la sentencia advenga final y firme. Argumentan que este Tribunal no posee autoridad en ley para enmendar mediante *fiat* judicial el termino jurisdiccional de 60 días, pues las Reglas de Procedimiento Civil son aprobadas por la Asamblea Legislativa. Además, enviar el mandato tornaría académico el reclamo del Estado de que el foro primario carece de jurisdicción sobre la materia

de la controversia, asunto medular de la sentencia que emitió el Tribunal de Apelaciones.

En cuanto a la moción en auxilio de jurisdicción presentada ante el Tribunal de Apelaciones, el Estado argumenta que ésta nunca fue perfeccionada pues (1) Doral no realizó una notificación simultánea inmediata, (2) no acompañó la moción con un recurso de *certiorari* y (3) luego de denegar la moción de reconsideración del Estado el Tribunal de Apelaciones perdió jurisdicción sobre el caso y estaba impedido de emitir cualquier orden en auxilio de jurisdicción.

El Estado también sostiene que Doral no presentó una moción de reconsideración, planteamiento que Doral presentó por primera vez ante el Tribunal Supremo, sino una moción en auxilio de jurisdicción. Finalmente, el Estado argumenta que Doral intenta revisar una sentencia favorable del Tribunal de Apelaciones, logrando que este Tribunal confirme la sentencia sin que antes el Estado pueda ejercer su derecho a revisar la decisión. Así, sostiene que Doral carece de legitimación activa para revisar la sentencia de 1 de julio de 2014.

II

La sentencia que hoy dicta este Tribunal no se emite para preservar los derechos e intereses de las partes en litigio, sino para vestir de legitimidad las intervenciones previas del bloque mayoritario en la controversia. En dos ocasiones previas este Tribunal denegó recursos presentados por Doral a la misma vez que, sin asumir jurisdicción, realizó expresiones inconsecuentes sobre la necesidad de atender este caso con premura e impuso un calendario a los tribunales inferiores.

A pesar de que en dos ocasiones no le reconoció discreción a los jueces de tribunales inferiores para manejar los casos que presiden, hoy la mayoría le reconoce discreción al Tribunal de Apelaciones donde no la ostenta. Así, sin formular fundamento jurídico alguno, concluyen que el Tribunal de Apelaciones abusó de la misma al no enviar el mandato el Tribunal de Primera Instancia. ¿Qué exactamente constituye ese abuso de discreción?

La mayoría razona que aunque como norma general la presentación de un recurso de Apelación tiene el efecto de paralizar todos los procedimientos en el Tribunal de Primera Instancia, nuestro ordenamiento permite que el Tribunal de Apelaciones ordene la continuación de los procedimientos en los foros inferiores una vez ese foro dicte sentencia. Si bien la Regla 52.3 de Procedimiento Civil, 32 L.P.R.A. Ap. V, contempla ordenar la

continuación de los procedimientos, ello es en virtud de la naturaleza de la controversia y sólo al momento de expedir el recurso de apelación. Es decir, la Regla 52.3 faculta al Tribunal de Apelaciones a ordenar la continuación de los procedimientos **al momento mismo en que se presenta la apelación**, pues así logra proteger intereses de la más alta jerarquía.[23] Esto queda evidenciado en los ejemplos que provee la Regla de cuándo la paralización de los procedimientos en el foro inferior no es automática, por ejemplo: cuando el Tribunal de Primera Instancia emite una orden de *injunction*, ordena el pago de alimentos, u emite orden sobre custodia o relaciones filiales.

Tal potestad responde a la naturaleza misma de la sentencia del foro de instancia y la necesidad de preservar el *status quo* en ese instante. Si se permitiese alterar ese *status quo* luego de que el Tribunal de Apelaciones emitiese su sentencia, se laceraría el derecho de las partes a revisar la sentencia del foro apelativo intermedio, pues el Tribunal de Apelaciones tendría potestad para otorgarle a su sentencia una fuerza operativa en detrimento del balance calculado en nuestras Reglas de Procedimiento Civil. La discreción de ordenar la continuación de los procedimientos no puede existir *ex post facto*,

---

[23] La Regla 18 del Reglamento del Tribunal de Apelaciones también recoge lo expresado en la Regla 52.3 de Procedimiento Civil, esto es que el Tribunal de Apelaciones puede ordenar que continúen los

debiéndose emitirse tal orden al momento mismo en que se acoge el recurso de apelación.

Aún si reconociéramos que el Tribunal de Apelaciones posee discreción para ordenar la continuación de los procedimientos luego de que dicte sentencia, la mayoría ni siquiera intenta desglosar cómo el Tribunal de Apelaciones abusó de tal discreción al no enviar el mandato. ¿Cuál es el estándar con el que este Tribunal adjudicará controversias similares en el futuro?

La mayoría sostiene que la sentencia que hoy emite protege el interés de ambas partes en el pleito. No obstante, nos debemos preguntar ¿cómo es que esta sentencia protege el derecho del Estado a revisar la sentencia del Tribunal de Apelaciones? Máxime, cuando esa sentencia versa sobre un asunto de umbral, la jurisdicción del foro de instancia para atender la controversia entre las partes. Si a la mayoría le preocupa la posibilidad de que la controversia se torne académica si no se continúan los procedimientos de primera instancia, ¿no se tornaría académica la controversia sobre la jurisdicción que desea revisar el Estado? Dicho proceder tampoco abona a la economía procesal.

Más allá de que el Tribunal de Apelaciones carece de autoridad para ordenar el curso que hoy dictamina la mayoría, este Foro también carece de jurisdicción sobre

procedimientos al momento en que se presenta el recurso

la controversia en sí. Si aceptamos que la solicitud en auxilio de jurisdicción que Doral presentó ante el Tribunal de Apelaciones fue una reconsideración, mediante la sentencia de hoy esta Tribunal estaría revisando la sentencia del Tribunal de Apelaciones de 1 de julio de 2014. El Estado cuenta con un término **jurisdiccional** de 60 días para acudir en revisión de esa sentencia y ese término surge en virtud de una ley debidamente aprobada por la Asamblea Legislativa. Este Tribunal carece de autoridad para ignorar el texto claro de la ley y acortar los términos disponibles para que el Estado solicite la revisión de la sentencia.

Por otro lado, si entendiéramos que el escrito que Doral presentó ante el Tribunal de Apelaciones fue en realidad una solicitud en auxilio de jurisdicción para revisar la resolución interlocutoria del Tribunal de Primera Instancia de 3 de julio de 2014, ¿cuál es el recurso sobre el cual el Tribunal de Apelaciones debía emitir órdenes para preservar su jurisdicción? Si Doral deseaba revisar la resolución interlocutoria donde el TPI determinó que no podía actuar hasta recibir el mandato, ¿dónde está el recurso de *certiorari* para revisarlo? Ese recurso nunca se presentó ante el Tribunal de Apelaciones. Además, tampoco se perfeccionó la solicitud en auxilio de jurisdicción pues, aunque el Estado eventualmente compareció, la moción no le fue notificada simultáneamente a su presentación mediante un

de apelación.

mecanismo válido, sino el próximo día mediante correo electrónico.

La justicia no sólo debe ser imparcial, sino que también debe aparentarla.


                              Anabelle Rodríguez Rodríguez
                                    Juez Asociada