EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Maestros de Puerto Rico, et als.<br><br>    Peticionarios<br><br>                v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, et als.<br><br>    Recurridos | 2014 TSPR 4<br><br>190 DPR ____ |

Número del Caso: CT-2014-2


Fecha: 14 de enero de 2014


Comisionado Especial:

        Hon. Ángel R. Pagán Ocasio


Abogados de la Parte Peticionaria:

        Lcdo. Rafael A. Nadal Arcelay
        Lcda. Melissa López Díaz
        Lcdo. Ramón Rosario Cortés
        Lcda. Vanessa Caraballo Santiago


Abogados de la Parte Recurrida:

        Lcda. Alba L. Ortiz Morales
        Lcda. Claudia Juan García
        Lcdo. Rafael Escalera Rodríguez


Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcda. Tanaira Padilla Rodríguez
        Subprocuradora General

        Lcda. Amarilis Ramos Rodriguez
        Procuradora General Auxiliar


Materia: Certificación Intrajurisdiccional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Asociación de Maestros de Puerto Rico, *et als.*<br><br>Peticionarios<br><br>v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, *et als.*<br><br>Recurridos | CT-2014-2 | Certificación Intrajurisdiccional |

RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de enero de 2014.

Examinada la *Solicitud de Certificación Intrajurisdiccional* presentada por la Asociación de Maestros de Puerto Rico y otros se declara con lugar la Petición de Certificación Intrajurisdiccional. Artículo 3.002(e) de la Ley Núm. 201 de 22 de agosto de 2003, 4 L.P.R.A. sec. 24y; Regla 52.2 (d) de las Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. V, R. 52.2 (d). Véase Alvarado Pacheco Y Otros v. E.L.A., 2013 T.S.P.R. 64, 188 D.P.R. ___ (2013).

Asimismo, se declara con lugar la moción para paralizar los efectos de la Ley Núm. 160 de 24 de diciembre de 2013 hasta tanto otra cosa se disponga por este Tribunal. Regla 57.3 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. V.

Por otro lado, en virtud de la Regla 51 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, nombramos al Hon. Angel Pagán Ocasio, juez que atiende el caso en el foro primario, como comisionado especial. Este deberá recibir prueba sobre las alegaciones de los peticionarios y debe rendir un informe que contenga exclusivamente determinaciones de hecho. Asimismo, el comisionado especial deberá incluir en el expediente del caso cualquier evidencia documental presentada por las partes.

Dada la pronta atención que requiere este caso, ordenamos al comisionado especial presentar ante este Tribunal las determinaciones de hecho y cualquier otra

evidencia documental no más tarde del viernes 7 de febrero de 2014. Alvarado Pacheco Y Otros v. E.L.A., supra.

Notifíquese inmediatamente por fax o teléfono, y por la vía ordinaria.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton hace constar la siguiente expresión: "está conforme con acoger la petición de certificación presentada por la Asociación de Maestros de Puerto Rico y nombrar al Hon. Ángel Pagán Ocasio como Comisionado Especial para que celebre una vista evidenciaria y nos presente sus determinaciones de hecho no más tarde del 7 de febrero de 2014. Sin embargo, pospondría nuestra decisión sobre paralizar los efectos de la Ley Núm. 160 de 24 de diciembre de 2013 hasta que se celebre la vista evidenciaria y este Tribunal cuente con el Informe realizado por el Comisionado Especial. De esta manera, seguimos la normativa relacionada con la expedición del recurso extraordinario del *injunction* que establece que este no debe concederse sin haberse celebrado una vista previa. D. Rivé Rivera, Recursos Extraordinarios, 1ra ed., Atlanta, Ed. Darby Printing Company, 1989, pág. 28. Si seguimos este curso de acción, este Tribunal siempre puede más tarde subsanar los efectos de la Sec. 4 del Art. 7.5 de la Ley Núm. 160 de 24 de diciembre de 2013. Por último, se reserva el derecho de emitir una expresión posterior al amparo de la Regla 5 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A.", a la cual se une la Jueza Asociada señora Fiol Matta. La Juez Asociada señora Rodríguez Rodríguez hace constar que proveería no ha lugar al recurso de certificación. No obstante, ordenaría al Juez del Tribunal de Primera Instancia a atender este caso con premura. Igualmente disiente de que se ordene la paralización de una legislación que no ha entrado en vigor, emitiendo para todos los efectos un *injunction* sin celebrar una vista previa. Dado a lo acelerado de este proceso, se reserva el derecho de emitir una expresión posterior al amparo de la Regla 5 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A. El Juez Asociado señor Estrella Martínez emitió un Voto Particular de Conformidad, al cual se unieron la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo. El Juez Asociado señor Feliberti Cintrón está inhibido.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Maestros de
Puerto Rico, et als.

    Peticionarios

      v.

                       CT-2014-02      Certificación

Sistema de Retiro para
Maestros de Puerto Rico,
et als.

    Recurridos

Voto particular de conformidad emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ al cual se une la Jueza Asociada señora PABÓN CHARNECO y el Juez Asociado señor KOLTHOFF CARABALLO

San Juan, Puerto Rico, a 14 de enero de 2014.

    Por considerar que las maestras y maestros peticionarios necesitan la protección inmediata de este Tribunal, estoy conforme con la determinación de paralizar los efectos de la legislación que trastoca su derecho a la pensión. En consecuencia, avalo con mi voto el recurso de certificación expedido en el día de hoy para atender de forma oportuna un reclamo de un sector amplio de nuestra fuerza trabajadora.

    La Asociación de Maestros de Puerto Rico, por sí y en representación de sus miembros, presentó ante el Tribunal de Primera Instancia una *Demanda sobre Injunction preliminar y*

*permanente y solicitud de sentencia declaratoria*, en unión a varios miembros del sistema de retiro para maestros (peticionarios).

En ésta, los peticionarios cuestionan la constitucionalidad de la Ley Núm. 160-2013, la cual enmendó el sistema de retiro de los maestros al aducir que constituye un menoscabo de obligaciones contractuales; fue aprobada en violación al debido proceso de ley y a la igual protección de las leyes, y constituye un acto de incautación sin compensación alguna por parte del Estado. En síntesis, plantean que existían alternativas menos onerosas para atender la situación del referido sistema; ausencia total y absoluta de información que permita establecer si la medida aprobada atiende el problema; la ley aprobada altera y modifica el contrato establecido con sus miembros y lacera el derecho de pensión que rige su ingreso al servicio magisterial.

En el día de hoy, los peticionarios acuden a este Tribunal mediante una *Solicitud de Certificación Intrajurisdiccional* y una *Moción en Auxilio de Jurisdicción*. Entre otros remedios, los peticionarios solicitan que se paralice la implantación de la Ley Núm. 160-2013, hasta tanto se considere en los méritos su reclamo.

Sabido es que este Tribunal tiene la facultad para intervenir por iniciativa propia, "en casos pendientes ante los tribunales de inferior jerarquía cuando se planteen cuestiones noveles de derecho, o se planteen cuestiones de alto interés público que incluyan cualquier cuestión constitucional sustancial". P.I.P. v. E.L.A. et al., 186 D.P.R. 1, 9 (2012).

Tal facultad está contenida en el Art. V, Sec. 2 de la Constitución de Puerto Rico, que instauró un sistema judicial unificado, por lo que "cualquier parte del Sistema Judicial tiene la facultad de resolver una causa". Vives Vázquez v. E.L.A., 142 D.P.R. 117, 135 (1996). A su vez, el inciso (e) del Art. 3.002 de la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24s, dispone que "mediante auto de certificación, a ser expedido discrecionalmente, *motu proprio,* o a solicitud de parte, podrá traer **inmediatamente** ante sí para considerar y resolver cualquier asunto pendiente ante el Tribunal de Primera Instancia … cuando se planteen cuestiones noveles de derecho, o se planteen cuestiones de alto interés público que incluyan cualquier cuestión constitucional sustancial…"(Énfasis nuestro). Véase, además, Alvarado Pacheco y otros v. E.L.A., res. 11 de junio de 2013, 2013 T.S.P.R. 64 (2013).

Estimo que este Tribunal ha ejercido cabalmente su responsabilidad, ante el alto interés público que revisten los cambios adoptados al sistema de retiro de maestros y la necesidad imperiosa de que se atienda el asunto de la constitucionalidad o no de la ley impugnada. Opino que resulta necesario tramitar con celeridad tal asunto y el momento es uno oportuno, no solamente para que el Estado y los maestros y maestras conozcan el desenlace final de la validez legal o inconstitucionalidad del estatuto, sino para contribuir a devolverle la paz a miles de padres y madres y a sus hijos, quienes actualmente se ven privados de recibir el pan de la enseñanza.

A ello debemos añadir que la incertidumbre sobre el asunto del sistema de retiro de maestros puede conllevar el nefasto efecto de que un sector de la clase magisterial, compuesta por más de 40,000 maestros y maestras, se vea obligada a tomar en los próximos días la decisión de renunciar para acogerse al sistema de retiro y no perjudicarse en la reducción de sus pensiones, lo que irremediablemente afectará al sistema educativo al no contar con el personal capacitado para ofrecer la educación a los estudiantes.

Ante este cuadro, y existiendo un recurso adecuado, hemos actuado acertadamente al abrirle a los maestros y maestras las puertas de este Tribunal en el momento oportuno.

Por las razones expuestas, estoy conforme con la certificación y la paralización decretada por este Tribunal en el día de hoy.


Luis F. Estrella Martínez
Juez Asociado