EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lcdo. Thomas Rivera Schatz<br><br>    Peticionario<br><br>       v.<br><br>Estado Libre Asociado de Puerto Rico, por conducto del Secretario de Justicia, Hon. César Miranda; Colegio de Abogados de Puerto Rico, por conducto de su Presidenta, Lcda. Ana Irma Rivera Lassen<br><br>    Recurridos<br>--------------------------<br>Asociación de Abogados de Puerto Rico; Héctor R. Ramos Díaz; Rafael Sánchez Hernández<br><br>    Peticionarios<br><br>      v.<br><br>Colegio de Abogados y Abogadas de Puerto Rico; Estado Libre Asociado de Puerto Rico<br><br>    Recurridos | 2014 TSPR 95<br><br>191 DPR \_\_\_\_ |

Número del Caso: CT-2014-8
                 CT-2014-9


Fecha: 6 de agosto de 2014


**CT-2014-8**

Abogados de la Parte Peticionaria:

    Lcdo. Eliezer Aldarondo Ortiz
    Lcda. Rosa Campos Silva
    Lcdo. Eliezer Aldarondo López

Oficina de la Procuradora General:

    Lcda. Margarita Mercado Echegaray
    Procuradora General

    Lcda. Tanaira Padilla Rodríguez
    Subprocuradora General

    Lcda. Karla Pacheco Álvarez
    Subprocuradora General

    Lcda. Mónica Cordero Vázquez
    Procuradora General Auxiliar

**CT-2014-9**

Abogados de la Parte Peticionaria:

> Lcdo. Ramón L. Rosario Cortés
> Lcdo. Andrés Córdova
> Lcdo. Ferdinand Ocasio
> Lcdo. Francisco González Magaz

Materia: Certificación Intrajurisdiccional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lcdo. Thomas Rivera Schatz<br><br>    Peticionario<br><br>       v.<br><br>Estado Libre Asociado de Puerto Rico, por conducto del Secretario de Justicia, Hon. César Miranda; Colegio de Abogados de Puerto Rico, por conducto de su Presidenta, Lcda. Ana Irma Rivera Lassen<br><br>    Recurridos | CT-2014-0008 |
| -------------------------- | |
| Asociación de Abogados de Puerto Rico; Héctor R. Ramos Díaz; Rafael Sánchez Hernández<br><br>    Peticionarios<br><br>      v.<br><br>Colegio de Abogados y Abogadas de Puerto Rico; Estado Libre Asociado de Puerto Rico<br><br>    Recurridos | CT-2014-0009 |

RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de agosto de 2014.

Examinadas la *Moción en solicitud de intervención* presentada por la licenciada Evelyn Aimée De Jesús Rodríguez, la *Moción en solicitud de intervención conforme a la Regla 21 de Procedimiento Civil de 2011*, presentada por los licenciados Carlos Rivera Justiniano, Carlos Pérez Toro y Juan M. Gaud Pacheco y la *Moción en solicitud de intervención* presentada por los licenciados John E. Mudd y John A. Stewart, se provee *No Ha Lugar* a todas.

Notifíquese inmediatamente por teléfono, correo electrónico o fax y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un Voto de Conformidad. El Juez Asociado señor Kolthoff Caraballo disintió. El Juez Asociado señor Rivera García disintió y emitió la expresión siguiente: El Juez Asociado señor Rivera García proveería a las partes hasta las 2:00 pm del viernes, 8 de agosto de 2014 para que subsanen los errores procesales incurridos. En ese particular, la *Moción en solicitud de intervención* presentada por la licenciada Evelyn Aimée De Jesús Rodríguez y la *Moción en solicitud de intervención conforme a la Regla 21 de Procedimiento Civil de 2011*, presentada por los licenciados Carlos Pérez Toro y Juan M. Gaud Pachecho, incumplieron con el requisito de acompañar la solicitud de intervención con su respectiva demanda. Véase Regla 21.4 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V. Por su parte, la *Moción en solicitud de intervención* presentada por los licenciados John E. Mudd y John A. Stewart, no cumple con la Regla 23 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B (presentar recurso de certificación) y con las disposiciones de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA sec. 1477 (presentar aranceles). Corregidos estos errores subsanables, el Tribunal estaría en mejor posición para evaluar los méritos de las solicitudes presentadas. Por ello, entiendo que, cónsono con los fundamentos expuestos por el compañero Juez Asociado señor Estrella Martínez en su Voto Particular disidente, no procedía denegar de plano los petitorios ante nuestra consideración.

El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente a la cual se unió el Juez Asociado señor Feliberti Cintrón.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lcdo. Thomas Rivera Schatz<br><br>    Peticionario<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico, por conducto del Secretario de Justicia, Hon. César Miranda; Colegio de Abogados de Puerto Rico, por conducto de su Presidenta, Lcda. Ana Irma Rivera Lassen<br><br>    Recurridos<br>-------------------------<br>Asociación de Abogados de Puerto Rico; Héctor R. Ramos Díaz; Rafael Sánchez Hernández<br><br>    Peticionarios<br><br>        v.<br><br>Colegio de Abogados y Abogadas de Puerto Rico; Estado Libre Asociado de Puerto Rico<br><br>    Recurridos | CT-2014-0008<br>CT-2014-0009 |

Voto de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 6 de agosto de 2014.

Voto conforme con la Resolución del Tribunal que deniega la intervención en este pleito de los Lcdos. John E. Mudd, John Stewart, Carlos Rivera Justiniano, Carlos Pérez Toro, Juan M. Gaud Pacheco y Evelyn De Jesús, ya que incumplieron con diversas normas procesales.

La Regla 21.4 de Procedimiento Civil, 32 LPRA Ap. V, establece el proceso para solicitar la intervención en un pleito. Dispone en lo concerniente:

> Toda persona que desee intervenir notificará su solicitud de intervención a todas las partes conforme lo dispuesto en la Regla 67 de este apéndice. La solicitud expondrá las razones en que se base y se **acompañará** de una alegación en que se establezca la reclamación o defensa que motive la intervención. (Énfasis suplido).

De acuerdo a la regla citada, toda parte que interese intervenir como demandante en un pleito debe acompañar su solicitud de intervención con una demanda. El Lcdo. Rafael Hernández Colón explica que "[s]e puede intervenir como demandante o como demandado. Si lo que se quiere es intervenir como demandante, entonces la alegación que se acompañaría a la solicitud de intervención sería una demanda, y si se quiere intervenir como demandado, sería una contestación". R. Hernández Colón, Practica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta Edición, Lexis Nexis, 2010, sec. 1306, pág. 167. De esa manera, la Regla 21.4 de Procedimiento Civil, supra, presume la existencia de dos documentos en el proceso para intervenir en un pleito, a saber, la solicitud de intervención y la demanda que contiene las alegaciones.

Otros tratadistas en la materia coinciden con esa interpretación. Véanse, J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da Ed., San Juan, Publicaciones JTS, 2011, Tomo II, pág. 805 ("[t]anto la solicitud como la alegación se harán en pliego aparte"); J.A. Echevarría

Vargas, Procedimiento Civil Puertorriqueño, 2010, Colombia, págs. 146-147. ("[e]stas peticiones deberán estar acompañadas de una alegación en que se establezca la reclamación o defensa que motive la intervención. Esta norma implica que la Solicitud de Intervención debe estar acompañada de la demanda o la contestación a la demanda que se interese integrar al proceso judicial").

En este caso los Lcdos. Carlos Rivera Justiniano, Carlos Pérez Toro, Juan M. Gaud Pacheco y Evelyn De Jesús presentaron solicitudes de intervención pero no acompañaron esas peticiones con la demanda que exige la Regla 21.4 de Procedimiento Civil, supra. Sin lugar a dudas, este caso está revestido de un alto interés para la profesión jurídica. Ahora bien, ello no es excusa para hacer caso omiso de las normas procesales aplicables. Todo litigante tiene que cumplir con las normas procesales aplicables. Soto Pino v. Uno Radio Group, Op. de 27 de junio de 2013, 2013 TSPR 75, 2013 JTS 78 (pág. 1678), 189 DPR __ (2013).

Por otra parte, los Lcdos. John E. Mudd y John Stewart presentaron un escrito en que solicitan que certifiquemos el caso SJ2014CV00145 que pende ante el Tribunal de Primera Instancia, Sala de San Juan. Sin embargo, el documento presentado no cumple con la Regla 23 de nuestro Reglamento, 4 LPRA Ap. XXI-B, que regula las certificaciones intrajurisdiccionales. Además, no canceló los aranceles correspondientes para el recurso de certificación. Ley Núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA sec.

1477; In re Aprobación Der. Arancelarios R.J., 179 DPR 985 (2010). No podemos eximir a un litigante que no es indigente de cumplir con este requisito de ley.

Procede, por tanto, denegar las solicitudes que nos atañen. En el caso de los Lcdos. John E. Mudd y John Stewart, por no cumplir con la Regla 23 de nuestro Reglamento, supra, (presentar recurso de certificación), y la Ley Núm. 17, supra; In re Aprobación Der. Arancelarios R.J., supra, (presentar aranceles), y en el caso de los Lcdos. Carlos Rivera Justiniano, Carlos Pérez Toro, Juan M. Gaud Pacheco y Evelyn De Jesús, por incumplir con los requisitos de la Regla 21.4 de Procedimiento Civil, supra, (no presentaron demanda).

El acceso a la justicia no significa que un litigante puede plantear cualquier cosa en un tribunal, cuando le plazca. Alvarado Pacheco y Otros v. E.L.A., 188 DPR 598, 619 (2013). Es lamentable que la disidencia utilice la frase gastada de "acceso a la justicia" cada vez que este Tribunal toma una decisión que no le gusta en materia procesal. Como mencioné, todo litigante tiene que cumplir con las normas procesales aplicables. Aquellos que litigan por derecho propio no están exentos de esto. Regla 9.4 de Procedimiento Civil, 32 LPRA Ap. V. No queda al arbitrio de los abogados decidir las disposiciones reglamentarias que se deben cumplir y cuándo las acatarán. Pellot v. Avon, 160 DPR 125, 138 (2003); Matos v. Metropolitan Marble Corp., 104 DPR 122, 125 (1975). Como la Resolución que antecede

hace valer las reglas procesales aplicables, estoy conforme con ella.


                    RAFAEL L. MARTÍNEZ TORRES
                         Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Lcdo. Thomas Rivera Schatz<br><br>Peticionario<br><br>v<br><br>Estado Libre Asociado de Puerto Rico, por conducto del Secretario de Justicia, Hon. César Miranda; Colegio de Abogados de Puerto Rico, por conducto de su Presidenta, Lcda. Ana Irma Rivera Lassen<br><br>Recurridos | CT-2014-0008<br><br><br><br><br><br><br><br><br><br>Cons. | <br><br><br><br><br><br><br><br><br><br>Certificación |
| Asociación de Abogados de Puerto Rico; Héctor R. Ramos Díaz; Rafael Sánchez Hernández<br><br>Peticionarios<br><br>v<br><br>Colegio de Abogados y Abogadas de Puerto Rico; Estado Libre Asociado de Puerto Rico<br><br>Recurridos | CT-2014-0009 | |

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se une el Juez Asociado SEÑOR FELIBERTI CINTRÓN

En San Juan, Puerto Rico, a 6 de agosto de 2014.

Ante la solicitud de los abogados y la abogada peticionaria, existen dos caminos. Por un lado, el expreso del acceso a la justicia, pavimentado por la jurisprudencia

de este Tribunal que ha resuelto que una solicitud de intervención puede presentarse en un solo escrito; en la economía procesal y en nuestra facultad de certificar recursos, incluso *motu proprio*. En el otro extremo, el tortuoso camino de bloques de la burocratización de la justicia, tomado por una mayoría de este Tribunal para decretar no ha lugar las solicitudes que nos ocupan.

Hoy este Tribunal ha obviado la jurisprudencia y la política pública judicial que fomenta la economía procesal dirigida a otorgar un remedio oportuno y económico. Además, con sus acciones promueve contradictoriamente lo que la reglamentación invocada precisamente perseguía evitar: fomentar la duplicidad de demandas y litigios sobre una misma controversia y evitar el retardo en resolver los pleitos.

I

En el presente caso se cuestiona la constitucionalidad de la Ley Núm. 109-2014, Ley de Colegiación Integrada del Colegio de Abogados y Abogadas de Puerto Rico, la cual dispone que los practicantes de la profesión de la abogacía y el notariado en Puerto Rico deberán colegiarse como condición para poder ejercer la profesión. Así, se instituye al Colegio de Abogados y Abogadas de Puerto Rico, como una organización que, entre otras, tendrá total y absoluta independencia para asumir aquellas posturas que mejor entienda responda a sus propósitos y deberes.

Ante este hecho, varios practicantes de la profesión han cuestionado la constitucionalidad de la Ley Núm. 109. Durante el trámite procesal acaecido, el pasado 30 de julio de 2014 emitimos una resolución certificando y paralizando los efectos de la Ley Núm. 109, por lo que la controversia está pendiente de su adjudicación ante esta Curia.

Como consecuencia, el Lcdo. Carlos Rivera Justiniano, el Lcdo. Carlos Pérez Toro y el Lcdo. Juan M. Gaud Pacheco solicitaron la intervención de los procedimientos ante este Tribunal. De igual forma, lo hicieron el Lcdo. John E. Mudd, el Lcdo. John A. Stewart, quienes habían presentado un recurso ante el Tribunal de Primera Instancia en el que también se cuestionó la constitucionalidad del estatuto y el cual está pendiente de ser adjudicado. Con igual propósito la Lcda. Evelyn Aimée de Jesús Rodríguez presentó una oportuna solicitud de intervención.

II

Para disponer de una solicitud de intervención debemos entender que éste es un mecanismo procesal que pretende alcanzar un balance entre el "interés en la economía procesal representada por la solución en un solo pleito de varias cuestiones relacionadas entre sí y el interés en evitar que los pleitos se compliquen y eternicen innecesariamente". Chase Manhattan Bank v. Nesglo, Inc., 111 DPR 767, 770 (1981). Véanse IG Builders *et al.* v. BBVAPR, 185 DPR 307, 321 (2012); S.L.G. Ortiz-Alvarado v. Great American, 182 DPR 48, 80 (2011). Por ello, al evaluar

una solicitud de intervención se hace de forma liberal sin que con ello se implique el uso ilimitado de ésta. Rivera v. Morales, 149 DPR 672, 689 (1999).

La Regla 21 de Procedimiento Civil de 2009, 31 LPRA Ap. V, R. 21, en sus varios incisos regula cuándo procede la intervención de una parte en un pleito. Específicamente, la Regla 21.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.1, señala que se tendrá derecho a intervenir en un pleito cuando "la persona solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pueda, de hecho, quedar afectado con la disposición final del pleito". Por otro lado, la Regla 21.2 expone que se podrá permitir la intervención cuando "la reclamación o defensa de la persona solicitante y el pleito principal tengan en común una cuestión de hecho o de derecho". 32 LPRA Ap. V, R. 21.2.

Al evaluar la solicitud de intervención se considera si de hecho existe un interés que amerite protección y si ese interés quedaría afectado por la ausencia del interventor en el caso. Chase Manhattan Bank v. Nesglo, Inc., supra, pág. 770. Es importante recalcar que la solicitud de intervención constituye tan sólo un mecanismo procesal mediante el cual un tercero puede comparecer e intervenir en un pleito, y no establece una fuente de derechos sustantivos ni una causa de acción a su favor en los méritos. "Es simplemente una disposición mediante la cual una persona que no es parte en un pleito comparece,

voluntariamente o por necesidad, a presentar una reclamación o una defensa, en una acción pendiente, y convertirse de ese modo en parte para fines de la reclamación o defensa presentada". IG Builders *et al.* v. BBVAPR, *supra*, págs. 320-321 citando a J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. J.T.S., T. II, 2011, pág. 779.

En cuanto a cómo se solicita y qué debe acompañarse con la solicitud de intervención, al examinar la Regla 21.4 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 21.4, surge que el solicitante debe exponer las razones en que basa su solicitud y acompañar una alegación en que establezca la reclamación o defensa que motive la intervención. La razón para ello, es que el tribunal debe estar en condición para poder determinar si procede la intervención como cuestión de derecho o de modo permisible. **Aunque se señala que conjunto con la moción solicitando intervención, la parte debe acompañar la alegación o defensa que motiva la intervención, los tratadistas señalan que una objeción por este requisito de forma es renunciable. Incluso, se advierte que el "tribunal retiene discreción para excusar el cumplimiento con los requisitos procesales". Véase, J.A. Cuevas Segarra, op. cit., pág. 805. Tan es así que este Tribunal inclusive ha permitido la intervención de una parte aún cuando no se acompañara la alegación que establezca su reclamación, según expone la aludida regla. Para ello, este Tribunal dirimió que la**

**moción de intervención era suficiente, tanto como solicitud y como demanda de intervención debido a que contenía todos los fundamentos necesarios. Así, el "hecho de incluirse todas las alegaciones en un solo escrito, no debe alterar la situación remedial".** Gerena v. Lamela, **79 DPR 578, 582 (1956).**

Por otra parte, en ocasiones anteriores, este Tribunal ha ordenado la consolidación de casos que tratan sobre la misma controversia. Al así hacerlo, hemos expresado que "tener en dos foros distintos de manera simultánea dos casos que versan sobre la misma controversia no contribuye a la economía procesal y abre la puerta a la posibilidad de resultados contradictorios". AMPR et als. v. Sist. Retiro Maestros II, res. 27 de enero de 2014, 2014 TSPR 8, 190 DPR ___ (2014) citando a M-Care Compunding et al. v. Depto. Salud, 186 DPR 159, 172 (2012); Vives Vázquez v. E.L.A., 142 D.P.R. 117 (1996). Véase, además, R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta Edición, Lexis Nexis, 2010, sec. 3601, pág. 352.

Esta es la normativa que impera en la adjudicación de las mociones ante nuestra consideración.

III

En todo momento, ha sido mi norte viabilizar la oportuna, justa, rápida y económica administración de las controversias. Por ello, he recalcado que los tribunales de Puerto Rico constituyen un sistema judicial unificado, por lo que este Tribunal "cuenta con la autoridad legal y los

mecanismos necesarios para poder intervenir en un pleito pendiente ante la consideración de un tribunal inferior, no importa su etapa, con el fin de disponer del mismo de forma final y firme, en aras de impartir justicia oportuna". Voto particular emitido por el Juez Asociado señor Estrella Martínez en Alvarado Pacheco y otros v. ELA, 188 DPR 594, 657 (2013). Véase, además, Voto de conformidad emitido por el Juez Asociado señor Estrella Martínez en AMPR et als. v. Sist. Retiro Maestros I, res. 14 de enero de 2014, 2014 TSPR 4, 190 DPR ___ (2014).

Asimismo, reiteradamente he defendido el mayor acceso posible a los tribunales de justicia. Voto de conformidad emitido por el Juez Asociado señor Estrella Martínez en Alvarado Pacheco y otros v. ELA, *supra*, pág. 658. Véase, además, Voto de conformidad emitido por el Juez Asociado señor Estrella Martínez en AMPR et als. v. Sist. Retiro Maestros I, res. 14 de enero de 2014, 2014 TSPR 4, 190 DPR ___ (2014). Este enfoque liberal de acceso ante nuestros tribunales, avalado por la jurisprudencia de este Tribunal, permea al evaluar si procede permitir la intervención solicitada en un pleito por una parte.

En el caso de autos, los licenciados Rivera Justiniano, Pérez Toro y Gaud Pachecho resaltan que éstos reclaman que permitir su intervención evitaría la radicación de otra demanda reclamando la inconstitucionalidad de la ley, por lo que abonaría a la adjudicación rápida, eficiente y económica de la polémica.

En síntesis, sostienen que la implementación de la Ley Núm. 109 les viola sus derechos constitucionales al obligarles a asociarse y pagar una cuota para poder practicar su profesión. Exponen que concurren plenamente con los argumentos esbozados sobre el derecho de no asociación que se encuentran ante nuestra consideración. Además, destacan un nuevo aspecto en cuanto a la colegiación compulsoria. Éstos señalan que las posturas que ha asumido el Colegio de Abogados son contrarias a sus postulados religiosos y morales por los que se viola su libertad religiosa y sus principios de fe al imponerles pertenecer a una asociación que no les representa e incluso respalda públicamente políticas que atentan contra su conciencia cristiana, atentando así contra su derecho fundamental a la libertad religiosa.

Por su parte, los licenciados Mudd y Stewart, nos señalan que existe un recurso presentado por éstos ante el Tribunal de Primera Instancia, Sala Superior de San Juan, con mayor antigüedad que el certificado por este Tribunal, en el cual solicitaron remedios similares. La licenciada De Jesús Rodríguez, por su parte, nos indica que oportunamente solicitó intervención en ese recurso. Los abogados y la abogada peticionaria consideran que como este Tribunal asumió jurisdicción sobre la materia, deberían acumularse las reclamaciones pendientes ante el Tribunal de Primera Instancia en el caso de mayor antigüedad, por lo que solicitan la intervención o, en la alternativa, la

acumulación de las reclamaciones traídas ante el foro primario.

                                    IV

Ciertamente, y sin adjudicar los méritos de lo planteado en la solicitud de intervención presentada, surge inequívocamente que todos los comparecientes reclaman un derecho sobre el asunto objeto de litigio ante este Tribunal que puede quedar afectado por la disposición final del caso. Es decir, su derecho a no asociarse compulsoriamente a una institución. Igualmente, el asunto tiene en común la aprobación de la Ley Núm. 109 y su alegada inconstitucionalidad. Unos incorporan al reclamo de su derecho a no asociarse el hecho de que la organización no representa sus creencias religiosas impidiendo e imponiendo sobre éstos una carga al ejercicio de su profesión, al sostener que se infringe su derecho a libertad de culto.

Por otra parte, existe un litigio pendiente ante el Tribunal de Primera Instancia que fue instado antes del recurso certificado por este Tribunal y en el cual también se cuestiona la constitucionalidad de la Ley Núm. 109 desde la perspectiva de la libertad de asociación y la falta de un interés apremiante del Estado para aprobar el referido estatuto.

El hecho de que al presentar la solicitud de intervención los licenciados Rivera Justiniano, Pérez Toro y Gaud Pachecho no acompañaran en un documento separado sus

alegaciones no puede servir como impedimento para impedir su intervención. Tal proceder, sólo promueve un retraso, escollo y un mero formalismo. Además, considero que los licenciados Rivera Justiniano, Pérez Toro y Gaud Pachecho exponen en su moción de intervención con suficiente claridad los fundamentos y las alegaciones de las partes con relación al cuestionamiento sobre la constitucionalidad del referido estatuto.

En cuanto a la solicitud de los licenciados Mudd y Stewart, y la licenciada De Jesús Rodríguez nótese que existe una demanda presentada ante el Tribunal de Primera Instancia, por lo que éstos solicitan la intervención, y en la alternativa, la certificación del caso por haber este Tribunal asumido jurisdicción en la materia. Existiendo una demanda presentada ante el Tribunal de Primera Instancia, no existe ningún impedimento en ordenar la consolidación y la certificación del caso ante el Tribunal de Primera Instancia con el de epígrafe. Máxime cuando este Tribunal tiene el poder inherente para *motu proprio* considerar el caso presentado en un sistema unificado de justicia. De hecho, aun cuando los letrados no lo hubiesen pedido; la economía procesal y los propósitos que persiguen la consolidación de recursos están presentes y procede *motu proprio* certificar y consolidar.

Ciertamente, considero que las controversias deben dilucidarse en sus méritos y es nuestro deber como Tribunal auscultar todos los argumentos de las partes para disponer

de los asuntos con mayor claridad. A tenor con lo anterior, en esta etapa de los procedimientos, entiendo que la intervención solicitada no menoscaba el interés de atender adecuadamente y eficientemente la controversia planteada. Surge claramente que los reclamos de las partes están relacionados entre sí y no implicarían una dilación en la disposición del asunto presentado. Ante tal realidad no veo objeción alguna a permitir la intervención de los solicitantes. Por el contrario, opino que la discusión abona en torno a los distintos matices que podrían conllevar las implicaciones de la Ley Núm. 109 ante nuestra consideración para poder atender integralmente todos los argumentos de forma responsable. Igualmente, soy consistente en que mantener el caso presentado ante el Tribunal de Primera Instancia no propende a la economía procesal que hemos promovido en ocasiones anteriores. Como consecuencia me veo obligado a disentir sobre no permitir las intervenciones solicitadas y al no certificar el recurso que se encuentra ante la consideración del foro de primera instancia.

Luis F. Estrella Martínez
Juez Asociado