EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Sindicato de Policías Puertorriqueños, Inc.; Ismael Rivera Román, su esposa Ingrid Yormarie de la Rosa Martínez y la Sociedad Legal de Gananciales compuesta por ambos; José M. Colón Pérez, su esposa Sandra Negrón Pérez y la Sociedad Legal de Gananciales compuesta por ambos; Alberto F. Méndez Morales<br><br>    Peticionarios<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico; Policía de Puerto Rico; Administración de Sistema de Retiro de los Empleados de Gobierno y la Judicatura; Metropolitan Life Insurance Company, H/N/C Metlife Insurance; y John Doe<br><br>    Recurridos | 2014 TSPR 129<br><br>192 DPR ____ |

Número del Caso: CT-2014-13


Fecha: 3 de noviembre de 2014


Materia: Resolución del Tribunal con Votos


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Sindicato de Policías Puertorriqueños, Inc.; Ismael Rivera Román, su esposa Ingrid Yormarie de la Rosa Martínez y la Sociedad Legal de Gananciales compuesta por ambos; José M. Colón Pérez, su esposa Sandra Negrón Pérez y la Sociedad Legal de Gananciales compuesta por ambos; Alberto F. Méndez Morales<br><br>        Peticionarios<br><br>            v.<br><br>Estado Libre Asociado de Puerto Rico; Policía de Puerto Rico; Administración de Sistema de Retiro de los Empleados de Gobierno y la Judicatura; Metropolitan Life Insurance Company, H/N/C Metlife Insurance; y John Doe<br><br>        Recurridos | CT-2014-0013 | Certificación |

RESOLUCIÓN

San Juan, Puerto Rico, a 3 de noviembre de 2014.

Examinada la *Solicitud de Certificación Intrajurisdiccional* y la *Moción en Auxilio de Jurisdicción y de paralización de los procedimientos*, se declaran ambas no ha lugar.

Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

El Juez Asociado señor Martínez Torres hizo esta expresión, a la que se une el Juez Asociado señor Feliberti Cintrón: "En la Resolución emitida en Alvarado Pacheco y otros v. ELA, 188 DPR 594, 621-622 (2013), este Tribunal expresó:

'En el pasado, el recurso de certificación intrajurisdiccional ha sido utilizado por este Tribunal "para atender asuntos que requieren urgente solución, ya sea porque se afecta la administración de la justicia o porque el asunto es de tal importancia que exige una pronta atención". U.P.R. v. Laborde Torres y otros I, 180 D.P.R. 253, 272-273 (2010).

Tampoco debemos perder de vista que el recurso de certificación es "de carácter excepcional porque la norma preferida en nuestro ordenamiento es que los casos maduren durante el trámite ordinario para evitar así que el foro de última instancia se inmiscuya a destiempo". Íd., pág. 272. Véase, además, Rivera v. J.C.A., 164 D.P.R. 1, 7 (2005). Asimismo, la certificación permite que este Foro dilucide algunos casos que de otra forma evadirían nuestros pronunciamientos. U.P.R. v. Laborde Torres y otros I, supra, pág. 273; Presidente de la Cámara v. Gobernador, 167 D.P.R. 149, 160-161 (2006)'.

En este caso no se da ninguna de esas circunstancias. De hecho, es incomprensible que los peticionarios se quejen de una supuesta lentitud del Tribunal de Apelaciones pero durante los cuatro meses que el caso lleva en ese foro judicial nunca le solicitaran el remedio urgente en auxilio de jurisdicción que por primera vez piden a nosotros. Este Tribunal no debe avalar esa conducta.

En resumen, no se amerita preterir el cauce procesal ordinario en este caso. Corresponde atenderlo al Tribunal de Apelaciones y por eso voto conforme con proveer no ha lugar a la solicitud de certificación y a la moción en auxilio de jurisdicción."

El Juez Asociado señor Rivera García hizo la siguiente expresión:

"Estoy conforme con la Resolución emitida por este Tribunal porque entiendo que el recurso de certificación intrajurisdiccional es una medida *extraordinaria* para atender *únicamente* aquellos casos que requieran una urgente solución, "ya sea porque se afecta la administración de la

justicia o porque el asunto es de tal importancia que exige una pronta atención". <u>Alvarado Pacheco y otros v. ELA</u>, 188 DPR 594 (2013), citando a <u>UPR v. Laborde Torres y otros I</u>, 180 DPR 253-272-273 (2010). En el presente recurso, los peticionarios sostienen que las secciones 19 y 26 de la Ley Núm. 3-2013 son inconstitucionales en su aplicación, ya que las mismas conllevan una deducción no autorizada de los sueldos de los policías. Según arguyen, ello constituye una 'confiscación de su sueldo sin el debido proceso de ley… que es garantizado por el Artículo II, Sección 7, de nuestra Constitución'. Véase *Solicitud de certificación intrajurisdiccional*, pág. 11.

Tal reclamación, aunque importante y meritorio que la evaluemos *en su momento*, de por sí no es suficiente para que este Tribunal acoja el recurso de certificación solicitado y releve a los peticionarios del trámite apelativo correspondiente. Máxime cuando esta atañe a discrepancias concernientes a la Reforma del Sistema de Retiro, cuya constitucionalidad avaló una mayoría de esta Curia en <u>Trinidad Hernández v. ELA</u>, 188 DPR 828 (2013).

Como Tribunal de última instancia, y en el sabio ejercicio de nuestra discreción, no debemos avalar la preterición de los trámites judiciales ordinarios en cualquier caso en que se haga un reclamo de naturaleza constitucional."

El Juez Asociado señor Estrella Martínez emitió un Voto particular disidente al que se unen la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Sindicato de Policías Puertorriqueños, Inc.; Ismael Rivera Román, su esposa Ingrid Yormarie de la Rosa Martínez y la Sociedad Legal de Gananciales compuesta por ambos; José M. Colón Pérez, su esposa Sandra Negrón Pérez y la Sociedad Legal de Gananciales compuesta por ambos; Alberto F. Méndez Morales<br><br>    Peticionarios<br><br>         v.<br><br>Estado Libre Asociado de Puerto Rico; Policía de Puerto Rico; Administración de Sistema de Retiro de los Empleados de Gobierno y la Judicatura; Metropolitan Life Insurance Company, H/N/C Metlife Insurance; y John Doe<br><br>    Recurridos | CT-2014-0013 | Certificación |

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se unen la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 3 de noviembre de 2014.

Nuevamente, este Tribunal tiene ante su consideración una controversia de alto interés público, entre servidores públicos y el Estado Libre Asociado de Puerto Rico. En esta ocasión, los miembros de la Policía de Puerto Rico reclaman que la

implantación de la aportación compulsoria para la compra de un seguro por incapacidad y el que se les imponga a acogerse a un programa de beneficio por incapacidad, seleccionado unilateralmente por el Administrador del Sistema de Retiro, constituye una actuación inconstitucional en su aplicación.[1] Sin embargo, lejos de ejercer nuestra facultad para otorgar un remedio adecuado, completo y oportuno, una mayoría de este Tribunal decide no atender el reclamo laboral de los servidores públicos.

I

El Sindicato acudió ante el Tribunal de Primera Instancia mediante una *Petición de injunction preliminar y permanente y sentencia declaratoria.* En síntesis, arguyeron que la aplicación de los Arts. 5-105 y 5-112 de la Ley Núm. 3-2013, 3 LPRA secs. 787e(c) y 787*l,* constituye una incautación de su salario y les priva de su propiedad sin el debido proceso de ley al descontárseles una cantidad para el pago de una póliza sin que hayan autorizado ese descuento y desconociendo los beneficios que ofrece el alegado seguro. Asimismo, señalaron que les aplica las

---

[1] Véase, Arts. 5-105 y 5-112 de la Ley Núm. 3-2013, 3 LPRA secs. 787e (c) y 787*l*, respectivamente. Mediante éstos artículos se requiere una aportación compulsoria de los empleados públicos para la compra de un seguro por incapacidad que el Administrador determine que son necesarias siempre que la aportación requerida sea igual o menor a un cuarto por ciento (0.25%) de la retribución del participante.

disposiciones contenidas en la Ley de Pagos de Salarios, 29 LPRA sec. 171, *et seq.*, por lo que, sin su autorización, no se les puede deducir de su salario cantidad alguna para el pago de un seguro por incapacidad. A su vez, argumentan que no existe justificación para requerirles a los policías un seguro por incapacidad cuando no se les exige tan siquiera un seguro de vida.

Posteriormente, el Tribunal de Primera Instancia emitió una Sentencia el 24 de marzo de 2014 en la que desestimó la petición del Sindicato. Al así hacerlo, concluyó que éste no tenía derecho a remedio alguno y que la Ley de Pagos de Salarios sólo aplica a los empleados del Estado cuando el descuento tenga que ver con pagos de hipotecas o préstamos personales suscritos con el Sistema de Retiro que le cobije. Asimismo, determinó que la Ley Núm. 3-2013 constituye el estatuto específico aplicable y ésta requiere la aportación compulsoria para la adquisición de un seguro por incapacidad sin autorizar al empleado a seleccionarlo libremente.

Inconforme, desde el mes de junio de 2014 el Sindicato acudió ante el Tribunal de Apelaciones. En su recurso de apelación señaló que erró el foro primario al: (1) declarar que la Ley de Pagos de Salarios no aplica a los empleados gubernamentales; (2) interpretar que el descuento no es ilegal; (3)

determinar que carece de un remedio; y (4) no determinar la inconstitucionalidad de los artículos señalados. Al día de hoy el foro intermedio no ha adjudicado la controversia ante su consideración.

Como consecuencia, el Sindicato acude ante este Tribunal y nos solicita que atendamos en certificación la controversia que está pendiente de adjudicación ante el Tribunal de Apelaciones y que paralicemos la vigencia de estos artículos hasta que se resuelvan sus reclamos.

II

En reiteradas ocasiones he expresado que es la obligación de esta Curia atender de forma oportuna un reclamo de los sectores de nuestra fuerza trabajadora. Véase, Voto de conformidad emitido por el Juez Asociado señor Estrella Martínez en AMPR *et als*. v. Sist. Retiro Maestros I, res. 14 de enero de 2014, 2014 TSPR 4, 190 DPR ___ (2014). Igualmente, he expuesto que es mi norte "viabilizar la oportuna, justa, rápida y económica administración de las controversias". Véase, Voto de conformidad emitido por el Juez Asociado señor Estrella Martínez en Rivera Schatz v. ELA y C. Abo P.R., res. 6 de agosto de 2014, 2014 TSPR 95, 191 DPR___ (2014). Máxime cuando estamos ante situaciones de alto interés público con repercusiones económicas en el salario de cientos de servidores públicos que protegen y velan por la vida,

propiedad y seguridad pública. Véase, además, Voto particular emitido por el Juez Estrella Martínez en Alvarado Pacheco y otros v. ELA, 188 DPR 594 (2013). Ello, requiere la atención diligente de los foros judiciales para que la parte que le asista la razón pueda recibir un remedio completo, oportuno y adecuado, lo cual no ha ocurrido en el tracto procesal que nos ocupa. Véase, Voto de conformidad emitido por el Juez Asociado señor Estrella Martínez en Doral et al. v. ELA et al. III, res. 22 de julio de 2014, 2014 TSPR 91, 191 DPR ____ (2014). No podemos pasar por alto que los tribunales ostentamos el poder inherente para conceder cualquier remedio que en equidad proceda y tomar aquellas medidas extraordinarias para resolver los casos de alto interés público. Véase, Voto de conformidad emitido por la Jueza Asociada señora Pabón Charneco en AMPR et als. v. Sist. Retiro Maestros II, res. 27 de enero de 2014, 2014 TSPR 8, 190 DPR ___ (2014).

### III

No albergo la menor duda de que los cambios adoptados al sistema de retiro de los empleados públicos, que impacta a los miembros de la Policía de Puerto Rico, al incautar parte de su salario para la compra de un seguro de incapacidad es un asunto que requiere la intervención y pronta adjudicación de este Tribunal. No podemos pasar por alto que éstos reclaman

que se les ha confiscado su salario sin su consentimiento sino que, además, se les ha impedido evaluar los efectos del programa y del proveedor que se les impuso unilateralmante.

Hoy, una mayoría de este Tribunal considera que no es necesario certificar una controversia de interés público, relacionada con servidores públicos que protegen y velan por la vida, propiedad y seguridad pública.

Nótese que no nos encontramos ante reclamos de intereses privados. Ante tales reclamos de naturaleza pública, opino que este Tribunal debió actuar inmediatamente, paralizar los efectos de los artículos en controversia y certificar el caso ante el Tribunal de Apelaciones.

Luis F. Estrella Martínez
Juez Asociado